# EX PARTE NORTON.

ORIGINAL.

Decided April 2d, 1883.

*Appeal—Judgment—Mandamus.*

A decree is final for the purposes of appeal when it terminates the litigation between the parties, and leaves nothing to be done but to enforce the execution which has been determined. Several cases on this point decided at this term referred to and approved.

An assignee in bankruptcy filed a bill to set aside, as fraudulent, conveyances of real estate of the debtor made before the bankruptcy and a mortgage put upon the same by the owner after the sale, and to restrain the foreclosure of the mortgage. The court denied the relief asked for, and ordered any surplus that might remain above the mortgage debt after sale or foreclosure, to be paid to the complainant. The assignee appealed to the circuit court: *Held,* That the decree appealed from was a final decree, disposing of the litigation between the parties.

This was an application for a writ of mandamus to the Circuit Court of the United States for the Eastern District of Louisiana, requiring that court to take jurisdiction of, and hear and determine an appeal by the petitioner, Emery E. Norton, from a decree of the district court of that district.

The case as presented shows that Norton, being assignee in bankruptcy of Govy Hood, filed in the district court a bill in equity against Hood, the bankrupt, John Asberry, sheriff of the Parish of East Carroll, and Henry Frellsen, setting forth that Hood, being insolvent, in April, 1866, confessed a judg-

ment in favor of Frellsen for $39,319.49; that in July, 1868, execution was issued on this judgment and levied on three plantations belonging to Hood, known respectively as "Black Bayou," "Home Place," and "Hood and Wilson Place;" that on the 5th of September, 1868, there was a pretended sale of these plantations to Frellsen under an execution issued on his judgment for the sum of $24,000; that on the 23d of November, 1868, another execution was issued on the judgment and levied on other property, which was also nominally sold under the execution to Frellsen; that in December, 1869, the Black Bayou plantation was sold to William Alling for $32,000, one-half of which was paid in cash, and for the other half Frellsen took from Alling a half interest in the land; that in January, 1869, Hood was adjudged a bankrupt on his own petition, and in January, 1871, received his discharge; that in May, 1871, Frellsen reconveyed to Hood all the property he had bought under the executions, except the Black Bayou plantation, for $30,152, payable in seven instalments, and evidenced by mortgage notes; that all these transactions, except the sale of the one-half of the Black Bayou plantation to Alling, were a fraud upon the bankrupt law, and devised for the purpose of giving Frellsen an unlawful preference, and to keep the property from the other creditors; that from the beginning it was the understanding between Hood and Frellsen that Frellsen should buy the property under his judgment, hold it for Hood during the bankruptcy proceedings, and then reconvey it to Hood, subject only to any balance that might remain due upon the judgment, after deducting the rents and profits and the proceeds of any sales in the meantime received by Frellsen; and that all the facts were unknown to Norton, the assignee, until certain disclosures were made on the trial of a suit between Frellsen and Hood in the Thirteenth District Court of the Parish of East Carroll, growing out of proceedings by Frellsen to foreclose his mortgage notes received on the reconveyance of the property. It further appears that in the proceedings for foreclosure, Asberry, the sheriff, had been empowered to sell the property reconveyed to Hood to pay what remained due on the mortgage debt.

The prayer of the bill of Norton, as stated in the petition for mandamus, was that Norton "be decreed to be the owner, in his capacity as assignee of said bankrupt, of all the property described in his said bill, from the 29th day of December, 1868 (when said Hood filed his petition to be decreed a bankrupt), and entitled to recover the rents and revenues thereof from the said Hood and Frellsen; that said Hood be ordered to transfer to complainant the property reconveyed to him by said Frellsen as aforesaid; that the mortgage put upon the same by said Hood in favor of said Frellsen be cancelled, annulled, and erased, and the sale thereof, under said executory process foreclosing said mortgage, or any other process against said Hood, be enjoined and prohibited; that said Frellsen be ordered and decreed to convey to complainant one-half of the Black Bayou plantation, which he had retained by some arrangement with William Alling, the purchaser, and to pay the complainant the sum of $16,000, received from said Alling for the sale of the other half of said plantation, together with the interest thereon from the date of said sale, and for general relief, process, &c."

Answers were filed and testimony taken. After hearing, the district court entered a decree declaring "that the judgment in favor of Henry Frellsen against Govy Hood, in the parish of Carroll, in the year 1866, and the executions thereunder in 1868, with the sales and conveyances by the sheriff, as shown in the record, have been established as valid and operative, and that no fraud, collusion, nor malpractice is established against him; that these proceedings entitle him to the property so conveyed to him, discharged of any claim of the plaintiff in this suit;" and further declaring "that whatever surplus may arise from the sale of the property under the process in favor of Henry Frellsen, . . . which is described in the plaintiff's bill and which is now held by the sheriff, and has been levied on the plantations known as the Home Place and Hood and Wilson Place, the said surplus shall not be paid to the said Hood, but shall be paid to the complainant. . . . after deducting such costs as this court may decree shall be paid out of the same." The injunction which had been allowed restraining the sheriff from the execution of the process was

dissolved, and he was permitted to proceed, but was to dispose of the surplus that might remain in his hands after the payment of the debt specified in the process as due to Frellsen, and the costs of suit, as directed by the District Court of the United States. Leave was granted the complainant to apply for further orders regulating the sale in respect to time, and appraisement and sale on credit, according to the laws of Louisiana. The sheriff was directed to make a return of his sale to the District Court of the United States, and the question of costs was reserved until the coming in of the return.

From this decree an appeal was taken to the circuit court, where, on the 27th of May, 1882, the appeal was dismissed on the ground that the decree appealed from was not a final decree within the meaning of that term as used in the statute regulating appeals from the district to the circuit court. The writ now asked for is to require the circuit court to set aside its order of dismissal and take jurisdiction.

*Mr. J. D. Rouse* for the petitioner.—I. This decree appealed from is final. It disposes of the whole controversy. It is decreed "that the judgment in favor of Henry Frellsen against Govy Hood in the parish of Carroll, in the year 1866, and the executions thereunder in 1868, with the sales and conveyances by the sheriff, as shown in the record, have been established as valid and operative, and that no fraud, collusion nor malpractice is established against him ; that these proceedings *entitle him to the property so conveyed to him, discharged from any claim from the plaintiff in this suit.*" This determined all the issues between Norton and Frellsen in favor of the latter. It disposed of the controversy between them. In the language of Chief Justice Taney in *Forgay* v. *Conrad :* " It decided the right to the property in contest."—II. The decree provides, " that whatever surplus may arise from the sale of the property under the process in favor of Frellsen from the District Court of East Carroll parish . . . *shall not be paid to the said Hood, but shall be paid to the complainant as assignee.*" This *finally* disposes of Hood's right to such surplus, and awards the same to the complainant. It directs that it (the surplus)

"be delivered up to the complainant," in the language of *Forgay* v. *Conrad*. The petitioner is without remedy in the premises, except by the aid of this court; and it is now well settled that where, on an appeal from the district to the circuit court, the latter court, without considering the exceptions or errors assigned, dismisses the cause for want of jurisdiction, mandamus, and not error or appeal, is the proper remedy. *Insurance Company* v. *Comstock*, 16 Wallace, 258; *Railroad Company* v. *Wiswall*, 23 Wallace, 507; *Ex parte Hoard*, 105 U. S. 578; *Ex parte Bradstreet*, 7 Pet. 634.

*Mr. John A. Campbell, contra.*

Unless the decree of the district court be final, an appeal is not authorized, and this exception may be made in the Supreme Court if the case shall reach that court. *Mordecai* v. *Lindsay*, 19 How. 199; *Montgomery* v. *Anderson*, 2 How. 386.—III. In this case the district court dissolved the injunction which it had allowed to the plaintiff to operate upon a suit in the District Court of Carroll parish, between Frellsen and Hood, and which had been pending these several years, this plaintiff never having been a party, and that suit was upon contracts posterior to the discharge of Hood from bankruptcy. The mere dissolution of this injunction is not the subject of revision in any court on appeal. *Verden* v. *Coleman*, 18 How. 86; *Ex parte Schwab*, 98 U. S. 240; *Buffington* v. *Harvey*, 95 U. S. 99.—IV. The retention of control over the sheriff of Carroll parish, the directions in respect to the sale and the distribution of the price, and the reservation of the subject of costs and the avoidance of a decree to dismiss the bill against Frellsen, furnish satisfactory evidence that the district court had not designed to make a final decree at this date. *Beebe* v. *Russell*, 19 H. 283; *Barnard* v. *Gibson*, 7 How. 650; *Cushing* v. *Laird*, 15 Blatch. 219, 236–8. The judge of the circuit court in May, 1882, dismissed the appeal, because the decree of the district court was not a final decree.—V. The question whether a decree be final or interlocutory is a judicial question, sometimes of difficulty, and requiring discrimination and judgment to decide. The record shows that the decision was rendered after

argument and· deliberation, and that the judgment has been acquiesced in for the remainder of the term in the circuit court in 1882, and until the early part of this year, when notice was given of this motion. The question whether a court can exercise jurisdiction under the Constitution or laws, continually arises, either upon a motion, a plea, a demurrer, or an appeal or writ of error.. It is involved in every judicial act. It has not been considered that when the decision has been made in court after argument, and that judgment recorded, that the court can be ordered to justify its judgment, and that the litigation should be conducted between the plaintiff and the judge. The authorities seem to be to the contrary of this. No mandamus is allowable. *Ex parte Newman*, 14 Wallace, 152, 165; High on Extraordinary Remedies, §§ 188, 189, 190; *The State* v. *Morgan*, 12 La. 118.

Mr. Chief Justice Waite delivered the opinion of the court.

We have had occasion at the present term, in *Bostwick* v. *Brinckerhoff*, 106 U. S. 3; *Grant* v. *Phœnix Mutual Life Ins. Co.*, 106 U. S. 429; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Southern Express Co.*, ante, 24, to state the rule applicable to the determination of the question here involved, and we there say:

"A decree is final for the purpose of an appeal . . . . when it terminates the litigation between the parties, and leaves nothing to be done but to enforce by execution what has been determined."

Under this rule, we think, this appeal was well taken. The decree settled every question in dispute between the parties, and left nothing to be done but to complete the sale under the proceedings in the State court for foreclosure, and hand over to Norton any surplus of the proceeds there might be after satisfying the debt due Frellsen as stated in the process under which the sale·was made. The case stands precisely as it would if Frellsen were proceeding in the district court for the foreclosure of his mortgage, and a decree had been entered

establishing his rights, ascertaining the amount due to him, and ordering a sale of the property and the payment to Norton of the surplus after discharging the mortgage debt. Here the bill was filed by Norton to set aside the proceedings for foreclosure and obtain a conveyance of the mortgaged property. The court refused to set aside the proceedings or to order a conveyance, but did order the sale to go on, and that the proceeds, after the mortgage was satisfied, be paid to Norton. It adjudged the case on the merits in favor of Frellsen as against Norton, and in favor of Norton as against Hood. The bill was not dismissed in form because it asked relief both as against Frellsen and Hood, and relief was granted as against Hood. It was in legal effect dismissed as to Frellsen when the decree was entered in his favor on all the questions in which he was interested.

*The writ of mandamus asked for is granted, but without costs.*