108 U.S. 237
 2 S.Ct. 490
 27 L.Ed. 709
 Ex parte NORTON, Petitioner.
 April 2, 1883.
 
 C. Case and
 This is an application for a writ of mandamus to the circuit court of the United States for the Eastern District of Louisiana, requiring that court to take jurisdiction of, and hear and determine, an appeal by the petitioner, Emery E. Norton, from a decree of the district court of that district.
 The case as presented shows that Norton, being assignee in bankruptcy of Govy Hood, filed in the district court a bill in equity against Hood, the bankrupt, John Asberry, sheriff of the parish of East Carroll, and Henry Frellsen, setting forth that Hood, being insolvent, in April, 1866, confessed a judgment in favor of Frellsen for $39,319.49; that in July, 1868, execution was issued on this judgment and levied on three plantations belonging to Hood, known, respectively, as 'Black Bayou,' 'Home Place,' and 'Hood & Wilson Place;' that on the fifth of September, 1868, there was a pretended sale of these plantations to Frellsen, under an execution issued on his judgment, for the sum of $24,000; that on the twenty-third of November, 1868, another execution was issued on the judgment and levied on other property, which was also nominally sold under the execution to Frellsen; that in December, 1869, the Black Bayou plantation was said to William Alling for $32,000, one-half of which was paid in cash, and for the other half Frellsen took from Alling a half interest in the land; that in January, 1869, Hood was adjudged a bankrupt on his own petition, and in January, 1871, received his discharge; that in May, 1871, Frellsen reconveyed to Hood all the property he had bought under the executions, except the Black Bayou plantation, for $30,152, payable in seven installments, and evidenced by mortgage notes; that all these transactions, except the sale of the one-half of the Black Bayou plantation to Alling, were a fraud upon the bankrupt law, and devised for the purpose of giving Frellsen an unlawful preference, and to keep the property from the other creditors; that from the beginning it was the understanding between Hood and Frellsen that Frellsen should buy the property under his judgment, hold it for Hood during the bankruptcy proceedings, and then reconvey it to Hood, subject only to any balance that might remain due upon the judgment, after deducting the rents and profits and the proceeds of any sales in the mean time received by Frellsen; and that all the facts were unknown to Norton, the assignee, until certain disclosures were made on the trial of a suit between Frellsen and Hood, in the Thirteenth district court of the parish of East Carroll, growing out of proceedings by Frellsen to foreclose his mortgage notes received on the reconveyance of the property. It further appears that in the proceedings for foreclosure, Asberry, the sheriff, had been empowered to sell the property reconveyed to Hood to pay what remained due on the mortgage debt.
 The prayer of the bill of Norton, as stated in the petition for mandamus, was that Norton 'be decreed to be the owner, in his capacity as assignee of said bankrupt, of all the property described in his said bill, from the twenty-ninth day of December, 1868, (when said Hood filed his petition to be decreed a bankrupt,) and entitled to recover the rents and revenues thereof from the said Hood and Frellsen; that said Hood be ordered to transfer to complainant the property reconveyed to him by said Frellsen as aforesaid; that the mortgage put upon the same by said Hood in favor of said Frellsen be canceled, annulled, and erased, and the sale thereof, under said executory process foreclosing said mortgage, or any other process against said Hood, be enjoined and prohibited; that said Frellsen be ordered and decreed to convey to complainant one-half of the Black Bayou plantation, which he had retained by some arrangement with William Alling, the purchaser, and to pay the complainant the sum of $16,000, received from said Alling for the sale of the other half of said plantation, together with the interest thereon from the date of said sale, and for general relief, process,' etc.
 Answers were filed and testimony taken. After hearing, the district court entered a decree declaring 'that the judgment in favor of Henry Frellsen against Govy Hood, in the parish of Carroll, in the year 1866, and the executions thereunder in 1868, with the sales and conveyances by the sheriff, as shown in the record, have been established as valid and operative, and that no fraud, collusion, nor malpractice is established against him; that these proceedings entitle him to property so conveyed to him, discharged of any claim of the plaintiff in this suit;' and further declaring 'that whatever surplus may arise from the sale of the property under the process in favor of Henry Frellsen, * * * which is described in the plaintiff's bill and which is now held by the sheriff, and has been levied on the plantations known as the Home Place and Hood & Wilson Place, the said surplus shall not be paid to said Hood, but shall be paid to the complainant, * * * after deducting such costs as this court may decree shall be paid out of the same.' The injunction which had been allowed restraining the sheriff from the execution of the process was dissolved, and he was permitted to proceed, but was to dispose of the surplus that might remain in his hands after the payment of the debt specified in the process as due to Frellsen, and the costs of suit, as directed by the district court of the United States. Leave was granted the complainant to apply for further orders regulating the sale in respect to time, and appraisement and sale on credit, according to the laws of Louisiana. The sheriff was directed to make a return of his sale to the district court of the United States, and the question of costs was reserved until the coming in of the return.
 From this decree an appeal was taken to the circuit court, where, on the twenty-seventh of May, 1882, the appeal was dismissed on the ground that the decree appealed from was not a final decree within the meaning of that term as used in the statute regulating appeals from the district to the circuit court. The writ now asked for is to require the circuit court to set aside its order of dismissal and take jurisdiction.
 J. D. Rouse, for petitioner.
 [Argument of Counsel from pages 240-241 intentionally omitted]
 John A. Campbell, for respondent.
 [Argument of Counsel from pages 241-242 intentionally omitted]
 WAITE, C. J.
 
 We have had oc
 
 1
 casion at the present term, in Bostwick v. Brinkerhoff, 1 SUP. CT. REP. 15; Grant v. Phoenix Mut. Life Ins. Co. Id. 414; and St. Louis, I. M. & S. R. Co. v. Southern Exp. Co., ante, 6, to state the rule applicable to the determination of the question here involved, and we there say: 'A decree is final for the purpose of an appeal * * * when it terminates the litigation between the parties, and leaves nothing to be done but to enforce by execution what has been determined.' Under this rule, we think, this appeal was well taken. The decree settled every question in dispute between the parties, and left nothing to be done but to complete the sale under the proceedings in the state court for foreclosure, and hand over to Norton any surplus of the proceeds there might be after satisfying the debt due Frellsen, as stated in the process under which the sale was made. The case stands precisely as it would if Frellsen were proceeding in the district court for the foreclosure of his mortgage, and a decree had been entered establishing his rights, ascertaining the amount due to him, and ordering a sale of the property and the payment to Norton of the surplus after discharging the mortgage debt. Here the bill was filed by Norton to set aside the proceedings for foreclosure and obtain a conveyance of the mortgaged property. The court refused to set aside the proceedings or to order a conveyance, but did order the sale to go on, and that the proceeds, after the mortgage was satisfied, be paid to Norton. It adjudged the case on the merits in favor of Frellsen as against Norton, and in favor of Norton as against Hood. The bill was not dismissed in form because it asked relief both as against Frellsen and Hood, and relief was granted as against Hood. It was in legal effect dismissed as to Frellsen when the decree was entered in his favor on all the questions in which he was interested.
 
 
 2
 The writ of mandamus asked for is granted, but without costs.