AUGUST W. LANDIN *vs.* CARL E. CARLSON *et al.*

FEBRUARY 6, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J.  This is a petition for a writ of mandamus brought by a stockholder of the Narragansett Cotton Mills,

Inc., against said corporation and certain of its officers. The purpose of the petitioner is to compel the defendants to furnish him a complete list of the present stockholders of the corporation with their addresses and the number of shares held by each, or else to permit him to make an examination of the corporate records relating to the ownership and transfer of the stock and the addresses of the stockholders.

The petitioner under oath alleges that he is the owner of three hundred and seventy-five shares of the stock of the defendant corporation. In addition, a supporting petition, signed by fifty-nine persons who claim to be stockholders of the Narragansett Cotton Mills, Inc., and owners of approximately six thousand shares of stock, has been filed, asking that the relief prayed for in the original petition be granted.

It is claimed by the petitioner that for several years the corporation has been mismanaged by its present officers to the detriment of the interests of the stockholders. Briefly, one contention is that certain surplus funds were improperly invested in securities of other corporations so as to cause a serious loss. It is also urged that such action was *ultra vires*. This latter claim does not appear to be tenable. In Section 5, (h) of Chapter 248, General Laws 1923, a domestic corporation is given power to acquire and hold shares of capital stock of other corporations. In addition, the petitioner asserts that mismanagement has occurred in connection with the payment of large sums of money by the corporation in settlement of disputed claims growing out of alleged breaches of contract and non-delivery of goods, as well as in the recent discharge of an experienced and competent superintendent and an overseer. An allegation of payment of excessive salaries is also made.

The petitioner argues that he is entitled to the information sought through this writ of mandamus in order that he may consult with other stockholders, present to them the alleged facts and information concerning the corporation

management—about which he asserts they should be told—and obtain proxies, prior to the holding of the annual meeting at which the directors and perhaps the officers of the corporation for the ensuing year will be elected.

The defendants have filed an answer to the petition denying any mismanagement of the corporation's affairs by its officers and have attached a financial statement showing substantial net earnings for the year 1934, together with a tabulation of the salaries paid·the officers during the last five years. It is also contended by the defendants that some of the persons signing the supporting petition are not stockholders of record of the Narragansett Cotton Mills, Inc.

The merits of the dispute between certain stockholders and the officers of this corporation, as to the proper conduct of its business, are not now before the court in this proceeding. It is obvious, however, the holding of a well-attended stockholder's meeting, at which full and complete facts can be fairly presented to the stockholders for their free discussion and ultimate decision, is the only manner in which many of the matters in issue can finally be settled.

The present question for determination by the court is whether the petitioner has made such a showing as will entitle him to the granting of his prayer that he either obtain or have access to the list of the stockholders of this corporation.

In many jurisdictions legislative acts have fixed or defined the rights of stockholders who seek to obtain for various reasons names and addresses of their fellow stockholders. Occasionally the charter or the by-laws of the corporation involved contain provisions dealing with this question. In this state, however, we have no such statute and there is nothing in the charter or by-laws of the Narragansett Cotton Mills, Inc., bearing directly on the point involved.

In the case of *Lyon et al.* v. *American Screw Co.*, 16 R. I. 472, this court had occasion to consider a petition for a writ of mandamus to compel the defendant to allow certain stockholders to inspect the books of the company and in

particular the list of stockholders with their addresses. The petition was dismissed by the court. In that case, as in the present one, it appeared that a reason urged for the granting of the petition was that the petitioners desired to confer with their fellow stockholders. The court in its opinion called attention to the fact that either an annual or a special meeting of the stockholders is the proper occasion for a conference on the affairs of a company. It was held that a stockholder, in the absence of a statutory right or provisions in the charter or by-laws, has only a privilege, incident to his ownership of stock, (but enforceable as a right only at proper times and for proper purposes), to examine the list of stockholders. The court also approved the holding that, while stockholders should be protected from any abuse on the part of the corporation or any unjust denial of their rights, nevertheless, the power of the court in such cases should be exercised with great care and discretion. The court then said: "We think it is well settled that, in cases like the one before us, it is discretionary with the court whether to issue a writ of *mandamus* or not; and that this discretion depends upon the necessity or propriety of granting it under the circumstances shown."

We are of the opinion, therefore, that this case is governed by the principles set out in the case of *Lyon et al.* v. *American Screw Co.*, *supra*, and that the question before us must be determined by the exercise of our discretion on the facts and record as presented. Undoubtedly the petitioner here has a stronger case for the issuing of the writ than did the petitioners in the Lyon case *supra*. In that case the court found that there was actually only one petitioner, who owned two shares of stock in a large corporation, and the petition apparently was based on the ground that the stock of the corporation had depreciated and had paid little or no dividends. In this case the petitioner and those supporting him appear to control upwards of six thousand shares of stock out of a total amount of twenty-six thousand shares issued and outstanding, or approximately a one-fourth

interest. Further, the record here shows a clearly disputed issue as to the proper management of the corporation. However, the petitioner has made no attempt to take advantage of a by-law of the defendant corporation which provides for the calling of a special meeting of the stockholders on the written application of three or more stockholders who hold and are entitled to vote on at least a one-tenth part in interest of the capital stock.

After a careful consideration of the facts as disclosed, we are of the opinion that in the exercise of our discretion we should not grant in the first instance and without qualification the prayer of the petition and order the writ to issue.

The court feels, however, that under all the circumstances of this case the petitioner is entitled to some relief. In a situation such as appears to exist in this corporation regarding its control and management, the officers, with complete access to the list of stockholders, clearly have a great advantage in connection with the transmitting of information and obtaining of proxies. When a petitioner's claim of mismanagement is made seriously, is supported by stockholders, substantial in number and amount, and is not merely for the purpose of annoyance or for some direct personal advantage, then it would seem that the contesting groups should be placed more nearly on a parity.

In our opinion this result can be attained if an officer of the defendant corporation, within seven days after the filing hereof, mail, in the presence of the petitioner's attorney, to each stockholder of said corporation, according to the stockholders' list, which is to remain in the possession of the defendant, such statement setting out petitioner's claims with regard to the alleged mismanagement of the corporation, with a request, if he desires, for proxies for use at the annual meeting, as he may prepare and present for mailing.

The petitioner's attorney shall have the right to examine the stockholders' list prior to the mailing of any such

statement in order to check names and addresses, but shall make no copy of said list or any part thereof. A copy of any statement mailed to the stockholders either by the petitioner or by the defendant corporation or its officers shall be given the opposing party forthwith.

If such conditions are complied with by the defendants, then this petition for a writ of mandamus is denied, otherwise it is granted.

As the annual meeting of the corporation is to be held on February 9, 1935, it is ordered that said meeting be adjourned, without the transaction of any business, to March 2, 1935, so that the parties may have sufficient time to comply with this opinion.

*Arthur Cushing*, for petitioner.

*George Hurley, Walter V. Moriarty*, for respondents.