ANNIE X. DORAN *et al. vs.* GEORGE W. HUGHES *et al., Ex'rs.*

FEBRUARY 3, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. This case is before us on a motion to dismiss the instant appeal from an order of the superior court purporting to suspend temporarily the operation of an order

previously entered *ex parte* in certain probate proceedings in that court. The motion is made by the appellees who are the proponents of a will in the superior court and the appellants are the contestants of that will.

It appears that a jury in the superior court rendered a verdict sustaining a certain instrument as the last will and testament of Hugh V. Carroll, deceased, and the trial justice thereafter, on October 13, 1949, denied the contestants' motion for a new trial. On October 18, 1949, on a petition by the contestants, the trial justice entered an order *ex parte* directing the executors of the will to pay to the clerk of the superior court out of said estate the estimated amount of the cost of the transcript, namely, $650, and to set off and charge such amount against the respective shares of the contestants under the will. Pursuant thereto a check in the sum of $650 payable to the clerk of court was drawn by the executors and was deposited with said clerk. Thereupon on October 18, 1949 the contestants also filed, in accordance with general laws 1938, chapter 542, §5, their notice of intention to prosecute a bill of exceptions to the decision of the trial justice denying their motion for a new trial.

After the expiration of the period within which the contestants were required by such statute to file their notice of intention to prosecute a bill of exceptions together with the estimated cost of the transcript, the trial justice, at the instance of the proponents of the will, entered an order, dated October 24, 1949, which reads as follows: "Clerk Of Superior Court: This is to notify you that payment of the Executor's check for $650.00, now deposited with the Clerk of this Court for Kent County is hereby suspended until such time as counsel for both parties in this case have appeared before me and argued the question as to whether or not the Executor may pay such a fee."

From that order the contestants have taken the instant appeal to this court. In support thereof they claim that the superior court, having once ordered the above-mentioned payment by the executors as an advancement to the con-

testants, had exhausted its jurisdiction in that regard, and that in the absence of any claim of fraud, particularly *after* the expiration of seven days from the decision denying a new trial, such court was without any jurisdiction to revoke or suspend the previous order in whole or part. On the other hand the proponents urge that an appeal is not the proper remedy by which such order may be reviewed and in any event that the order appealed from is interlocutory and not final so as to be appealable or reviewable at this time.

In the circumstances the issue raised by the contestants' argument is not before us for determination. We are not now concerned with the merits of the question whether the superior court, in issuing the order appealed from, acted without or in excess of its jurisdiction as claimed by the contestants. We are concerned here merely with the question whether the order appealed from is final or of such a final nature as to be reviewable at this time *by appeal.*

In our opinion the order in question is interlocutory and plainly on its face shows that it is not a final order in either form or substance. At most it purports only to suspend temporarily further action by the clerk as to *payment* of the check until the parties can be heard on the court's right to issue the previous order. Until the superior court acts further and decides either to revoke or confirm that order in whole or part, neither party could be aggrieved under the statute so as to warrant a review by any of our established appellate proceedings.

Therefore on the narrow issue here the appellees' motion to dismiss the instant appeal on the ground that the order in question is not final and reviewable by appeal at this time should be granted. But we are also of the opinion that such dismissal should be without prejudice to the right of any proper party in interest, if and when aggrieved by a final decision of the superior court after a hearing pursuant to the order appealed from, to seek a review thereof by appropriate proceedings in accordance with law.

The appellees' motion to .dismiss the instant appeal is therefore granted without prejudice.

*Lester T. Murphy, Carroll & Dwyer, John G. Carroll, Voigt, Wright & Slade, Ernst T. Voigt,* for appellants.

*Quinn & Quinn,* for appellees.