HAROLD E. ROSS *vs.* SAM MENCOFF *et al.*

JANUARY 31, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on the complainant's appeal from an interlocutory decree of the superior court entered March 5, 1954. The decree granted the motion of the respondent Sam Mencoff praying that a safe deposit vault in the Sheraton-Biltmore Hotel in the city of Providence be released from the effect of a restraining order entered on December 14, 1953. Under such restraining order respondents were denied access to said vault.

The bill of complaint alleges that for the period from April 20 to November 20, 1953 complainant was a partner with respondents Barney Cramer and Harvey C. Mencoff in a business conducted under the name of Advanced Textile Company. According to the partnership agreement complainant was to be entitled to a one-third share of the profits of the business and would be liable for one third of the losses thereof. The bill prayed that the partnership be dissolved;

that an injunction against the respondents Sam Mencoff, Barney Cramer and Harvey C. Mencoff be granted to prevent them from withdrawing or disposing of any of the partnership funds in the Providence Union National Bank, or any other banking institution in the city of Providence or elsewhere; and that said respondents be compelled to exhibit to complainant the records of the partnership so that they could be examined and a true accounting thereof be made.

The bill further prayed for the appointment, *ex parte*, of a temporary receiver with instructions to seize, take charge of and control the assets, accounts receivable, records and other property belonging to the partnership, to be dealt with in accordance with the instructions and decrees of the court; that a permanent receiver be appointed for the same purposes; that the respondent Providence Union National Bank be restrained and enjoined temporarily and permanently from allowing the other respondents, or any other person to have access to the safe deposit box standing in the names of such respondents, either jointly or individually; and that said respondent Providence Union National Bank be restrained and enjoined temporarily and permanently from turning over to the other respondents any funds on deposit, whether in a checking or savings account and whether standing in the names of Sam Mencoff, Barney Cramer and Harvey C. Mencoff "individually or severally."

Upon the filing of the bill of complaint, a decree was entered, *ex parte*, appointing a temporary receiver of the Advanced Textile Company *for the sole purpose* of taking into his immediate possession all the company books and financial records, the same to be held until a hearing on the appointment of a general temporary receiver. However, on the following day, December 15, 1953, the above decree was amended. Paragraph A thereof provides: "That all funds of the Respondents, Sam Mencoff, Barney Cramer and Harvey Cramer [sic], standing in their names personally,

other than the partnership funds referred to in Para C. and now in the Providence Union National Bank and/or any other banking institution in the City of Providence, State of Rhode Island, or elsewhere, are released herewith from any injunction or restraint." Paragraph C thereof reads as follows: "That the Respondents are hereby restrained from withdrawing and/or disposing of any funds standing in the name of Advanced Textile Company, being the partnership funds referred to in the Complaint." No appeal was taken from the entry of this decree.

Thereafter, on January 8, 1954, respondents Sam Mencoff, Barney Cramer and Harvey C. Mencoff filed their answer denying the material allegations of the bill, and on January 19 the respondent bank filed an answer in which it disclaimed all knowledge as to the subject matter of the bill and left complainant to his proof thereof. On January 22, 1954 a decree was entered ordering that the safe deposit box at the Providence Biltmore Hotel, standing in the names of Sam Mencoff, Barney Cramer and Harvey Mencoff, whether jointly or severally, "may be opened for examination for the purpose of determining whether the contents thereof contain *papers or merely cash funds* * * *." (italics ours) Pursuant to the decree the safe deposit vault at such hotel was opened and it contained no papers relating to the Advanced Textile Company but only certain sums of money.

On February 1, 1954 the temporary receiver filed a motion alleging that his accountant had been unable to examine the company checks, check books, *etc.*, and asking that respondents be ordered to produce all the records including canceled checks or be adjudged in contempt for failure to do so. On February 26 respondent Sam Mencoff filed a motion to release from the effect of the restraining order the safe deposit vault in the Sheraton-Biltmore Hotel on the grounds that the attorney for complainant had examined the vault and found no papers relating to the alleged partnership but merely certain sums of money; that such vault was a

personal one with no relationship to the partnership; and that complainant was fully protected, with respect to security for any alleged claim, by other funds subject to the restraining order.

These two motions were heard before a justice of the superior court and each party presented testimony thereon. The court denied complainant's motion to adjudge in contempt and granted the motion of respondent Sam Mencoff to release the safe deposit vault, holding in effect that the funds already subject to the restraining order constituted ample security for any claim of complainant. A decree was therefore entered on March 5, 1954 releasing such safe deposit vault from the effect of the injunction previously issued and granting to Sam Mencoff or any others having the right of access thereto the privilege of exercising their rights, free from the provisions of the injunction. From the entry of this decree complainant has prosecuted the instant appeal.

The respondents contend that the denial by the trial justice of complainant's motion to adjudge them in contempt is not now properly before this court, because such ruling is neither included nor referred to in complainant's reasons of appeal. We agree with this contention. When the trial justice denied complainant's motion no decree was entered on the ruling, no objection thereto was taken, and no reason of appeal based thereon appears in the instant appeal. Therefore we do not think such ruling is properly before us in this proceeding.

The respondents further contend that the decree appealed from is not final and therefore an appeal does not lie. Appeals in equity and proceedings following the course of equity are governed by the provisions of chapter 541 of general laws 1938. Section 1 thereof provides: "Any party aggrieved by a final decree of the superior court in any cause in equity, or proceeding following the course of equity, may, within 30 days after the entry thereof, and any party aggrieved by a final judgment in any proceeding in, or in the

nature of, a prerogative writ, except habeas corpus, may, within 5 days after entry of such judgment, appeal to the supreme court. * * *" What constitutes a final decree under our statute has been clearly stated in *McAuslan* v. *McAuslan*, 34 R. I. 462, at page 469, as follows: " 'The rule is well settled that a decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeal, must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered.' " See also *Doran* v. *Hughes*, 76 R. I. 388.

It is true that certain exceptions to this general rule are provided for by G. L. 1938, chap. 541, §7, and that this court has recognized other exceptions in certain special cases. However, in our opinion the decree appealed from does not fall within any of these exceptions and the appeal is prematurely brought.

The complainant's appeal is denied and dismissed without prejudice, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum*, for complainant.

*Saul Hodosh, Edwards & Angell, William H. Edwards, Frederick Lippitt*, for respondents.