209 A.2d 58.

STANLEY NOVAK *vs.* CITY COUNCIL OF THE CITY OF PAWTUCKET.

APRIL 13, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for a writ of mandamus directed to the members of the city council and the city

clerk of the city of Pawtucket, ordering them in their respective capacities to grant and issue to the petitioner a secondhand shop license.

This proceeding is a sequel to that disposed of in *Novak v. City Council*, 99 R. I. 41, 205 A.2d 589. There the city council denied the petitioner's application for a secondhand shop license. On certiorari we held that there had been an abuse of discretion and we quashed the record of the decision. Concededly petitioner there sought and now seeks a license so that he may sell used automobiles.

Our mandate in that case followed our usual practice in certiorari. When we find that an inferior tribunal has acted without or in excess of its jurisdiction, we do not remand with instructions to proceed according to our adjudication, but instead confine ourselves to quashing the order under review. In those circumstances, customarily the inferior tribunal, notwithstanding our failure to direct action, proceeds in accordance with our opinion. In the rare instance where it does not adhere to the customary practice, we consider its neglect to act as a refusal to perform a plain legal duty and mandamus will lie. *Newman* v. *Mayor of Newport*, 73 R. I. 435.

Following our decision in the certiorari proceedings petitioner's requests that his application be granted and a license issued were denied, whereupon he brought this petition. The respondents as cause for their refusal contend that they are without jurisdiction in the premises because the authority to license secondhand automobile dealers has, under G. L. 1956, chap. 5 of title 31, been vested on a statewide basis in the motor vehicle dealers' license commission. We adverted sua sponte to that jurisdictional issue in our earlier opinion, but expressly refrained from determining whether the city council had been ousted of authority to act. On the record then before us, we held that its authority to consider the application was not in issue and that the city council had arbitrarily refused to grant the application.

It may well be that the question of whether there has been a preemption should be answered affirmatively, but these proceedings are not appropriate for a resolution of that issue. When petitioner's application was originally before the city council it was not considered. Only now, after our declaration that its earlier action was arbitrary does the city council raise the jurisdictional question and thereby seek to relitigate petitioner's entitlement to licensure. To permit such relitigation would disrupt our normal judicial procedures and would constitute an unwarranted interference with the due administration of the law.

It is our conclusion that it is not now open to the city council to refuse to entertain petitioner's application for a secondhand dealer's license. Upon the filing of our decision in the certiorari proceedings the duty of the respondent members of the city council to act on the application became ministerial and their refusal to do so conferred upon petitioner a clear right to compel performance. *Newman* v. *Mayor of Newport, supra; State ex rel. Sprague* v. *Town Council,* 42 R. I. 13. The views expressed here as well as in our opinion upon the petition for a writ of certiorari clearly indicate the duty incumbent upon the respondents.

The petition is granted as to the respondent members of the city council and a writ of mandamus may issue commanding them to consider the petitioner's application and to exercise their discretion reasonably in the matter. It is denied as to the respondent city clerk without prejudice, however, to the right of the petitioner again to petition for mandamus if, following the action of the city council taken pursuant to this opinion, he still refuses to issue a secondhand dealer's license to the petitioner.

*Joseph A. Kelly, Robert K. Argentieri,* for petitioner.

*John A. O'Neill,* City Solicitor, *Gerald J. Pouliot,* Assistant City Solicitor, for respondent.