225 A.2d 217.

LOUIS A. FAZZANO *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JANUARY 6, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for certiorari brought by two remonstrants to review a decision of the zoning board granting the applicant relief from the minimum lot width requirements of the zoning ordinance and thereby permitting the construction of two duplex dwellings on property located in a resident A-7 zone. That use, although permitted in a district A-7 zone in 1961 when this application was filed, is no longer allowed under the ordinance as now amended. At the hearing before us the applicant did not request leave to intervene and the board defended. They concede that their earlier action was a nullity and agree with the petitioners' contention that their decision must be quashed. They suggest, however, that in the interests of achieving substantial justice we so fashion our mandate as to permit the applicant, if it offers the city the cul-de-sac abutting the property as a street, to file anew under the ordinance as it was in 1961.

In common-law certiorari the only judgment is to quash either the writ or the record. In the latter instance the inferior tribunal will not be directed to make a new record. *Newport Poster Advertising Co.* v. *City Council*, 84 R. I. 155; Ferris, Extraordinary Legal Remedies, §185, p. 213. While the scope of the relief which may be ordered is broader in zoning matters where certiorari is statutory, the board has failed to direct our attention to any instance where the judgment we have ordered has been extended to the limits now suggested. In the circumstances, the decision of the board must be quashed.

510

The petition for certiorari is granted, the decision of the zoning board of review is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Coffey, Ward, McGovern and Novogroski, Charles J. McGovern,* for petitioners.

*James R. Morriss, City Solicitor, Howard R. Haronian, Assistant City Solicitor,* for respondent.