294 A.2d 844.

·Claire M. Sarni *vs.* N. Robert Meloccaro *et al.*

SEPTEMBER 18, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Kelleher, J. This is a civil action in the nature of mandamus. The purpose of the suit is to permit the plaintiff to examine the records of Garden City Builders, Inc., a family corporation. The plaintiff is the daughter of one defendant and the sister of the other. She claims ownership of 18 shares of stock pursuant to a stock certificate which stands in her name on the records of the corporation. The stock was allegedly given to her by her father, Nazzareno Meloccaro, sometime prior to his death in April, 1955. The defendants filed an answer in which they specifically denied that the plaintiff owned any of the corporate stock or that any stock had been issued and delivered to her as a gift. When the case came on for trial, the trial justice held an extensive hearing which was restricted to the plaintiff's status as a stockholder. At the conclusion of testimony, the trial justice stated that he was rendering a "par-

tial judgment" and then went on to find that the plaintiff had proved by clear and convincing evidence the delivery of stock from the father to her. At the conclusion of his remarks, the trial justice stated that the case was to be continued for further proceedings relating to the relief sought by the plaintiff. A "supplementary order" was entered. The defendants, however, initiated this appeal. They contend that mandamus does not lie and also challenge the findings made relative to the inter vivos gift.

It is quite evident that there remain other questions to be resolved in the trial court. In the absence of some statutory right or provision in the charter or bylaws, the inspection of corporate records has been described as a privilege afforded to a stockholder which becomes a right only upon a showing that the inspection will be made at "proper times" and for "proper purposes." *Landin* v. *Carlson,* 55 R. I. 18, 177 A. 143 (1935); *Lyon* v. *American Screw Co.,* 16 R. I. 472, 17 A. 61 (1889); 5 Fletcher, *Cyclopedia of the Law of Private Corporations* §2219 (1967). When this litigation was begun in February, 1966, a stockholder had no statutory right to inspect corporate records. This void was filled in 1969 with the enactment of the Rhode Island Business Corporation Act, ch. 1.1 of title 7. Section 7-1.1-46 specifically allows a stockholder, who has owned stock for a period of at least six months or who holds at least five per cent of the outstanding stock, to make a relevant inspection at "any reasonable time or times, for any proper purpose." The plaintiff has yet to satisfy the "time" and "purpose" elements of the rule first promulgated in *Lyon.*

Fragmented appeals are not countenanced. This court has often said that it will not review a case piecemeal. There is nothing in the record before us that would justify a departure from this salutary rule. The case should not have been certified to this court until the entry of a

judgment which would embody a complete and final adjudication of the rights and liabilities of the parties.

The defendants' appeal is denied without prejudice.

*Abedon, Michaelson, Stanzler & Biener, Julius C. Michaelson, Richard A. Skolnik,* of counsel, for plaintiff.

*Aram A. Arabian,* for defendants.