September 10, 1976.

M. P. No. 76-342. NORMAN J. JACQUES *v.* JOSEPH F. MOSCA. The petitioner hopes to be the Democratic party's nominee at the November 1976 general election for the office of Representative in Congress for Rhode Island's First Congressional District. He is a candidate for that office at the September 14, 1976 primary.

In mid-August 1976 the petitioner brought a civil action in the District Court against the respondent seeking damages for maintenance, an assault and other misbehavior all of which the petitioner claims was designed to embarrass him and stymie his congressional campaign.

On September 7, 1976 the petitioner's attorney requested the respondent to appear at the headquarters of the Rhode Island Bar Association at 2:00 p.m. on September 9, 1976 for the purpose of taking his deposition. Thereafter the respondent sought and obtained a protective order from the District Court and on the morning of September 9, 1976 an order was issued postponing the taking of the deposition until October 7, 1976.

On the afternoon of September 9, 1976 this petition for certiorari was filed. The petitioner asks that we entertain his petition without regard to the provisions of our Rule 13 which would give the respondent ten days in which to file an answer, that we quash the September 9 protective order, and that this court "set a time and place open-to-the-public" for the taking of a deposition prior to the primary so that voters can know "the whole truth" about the petitioner's candidacy.

In the interest of expediting our decision we will invoke the provisions of our Rule 2 and suspend the ten day requirement of Rule 13 and entertain this petition forthwith.

The petitioner may not prevail because his petition runs afoul of several of our established principles. By initiating this proceeding the petitioner seeks a review of an interlocutory order and this court has often said that it will not review a case piecemeal. *Maloney* v. *Daley,* 115 R.I. 375, 346 A.2d 120 (1975); *Borland* v. *Dunn,* 113 R.I. 337, 321 A.2d 96 (1974); *Sarni* v. *Meloccaro,* 110 R.I. 566, 294 A.2d 844 (1972). We see absolutely no need to review at this time the court's order. The discovery processes which are available to litigants under the Rules of Civil Procedure are designed to accomplish certain specific goals, including the simplification of issues, the obtaining of evidence for use at the trial, the exposure of frivolous and groundless claims, the elimination of unfair surprise, the furtherance of the use of summary judgments and the facilitation of settlements once the strength or weakness of an adversary's case has been measured. Kent, *R. I. Civ. Prac.* §26.1

at 211-12 (1969). These particular goals can be just as well achieved after the respondent's deposition has been taken in October as they can be at the present time. The petitioner's desire to fuel his campaign with the material he might glean from the deposition is understandable but it is not one of the purposes which prompted the adoption of our Rules of Civil Procedure.

Even if we were of a mind to issue the writ we could not grant the petitioner's request for a pre-primary "open-to-the-public" deposition session because in common law certiorari proceedings the only judgment that may be entered is the quashing of either the writ or the record under review. *Fazzano* v. *Zoning Bd. of Review, City of Warwick*, 101 R.I. 508, 225 A.2d 217 (1967); *Novak* v. *City Council of Pawtucket*, 99 R.I. 529, 209 A.2d 58 (1965).

The petition for certiorari is denied and dismissed. Paolino, Joslin, JJ. did not participate. *Martin Malinou*, for petitioner. *William G. Gilroy*, for respondent.