383 A.2d 1029.

JOHN E. PEARSON *et al. vs.* OLD STONE SAVINGS BANK *et al.*

MARCH 23, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This civil action was brought to enjoin the foreclosure of a mortgage upon certain real estate and condominium units located in Cumberland, Rhode Island, and for substantial damages. The defendants also filed a counterclaim for damages in connection with the mortgage transaction. The case was heard by a justice of the Superior Court sitting without a jury. The trial justice entered a judgment which denied the injunctive relief but reserved for further proceedings the claims for damages. The plaintiffs now appeal to this court from that portion of the judgment which denied the injunction.

The plaintiffs, John E. Pearson and William E. Bailey, as trustees of the Maple Woods Farm Condominium Trust, entered into a loan agreement with defendants, Old Stone Savings Bank and Morgan Guaranty Trust Company, on January 18, 1974. This loan agreement was to provide the financing for the construction of 93 condominium units on a 35-acre parcel of land in Cumberland. The principal documents included in the transaction were a construction loan agreement, a promissory note, and a mortgage deed which contained a power of sale in the event of default.

Construction began on the project in March 1974, and seven model units were completed for a formal opening of the development in September 1974. No major problems had arisen between the parties up to this time. However, an economic recession in the fall of 1974 caused market conditions in real estate to decline and interest rates to climb. The plaintiffs experienced significant increases in construction costs and were unable to meet the contract requirements for obtaining further advances of loan proceeds. Consequently, the parties attempted to modify the terms of the original agreement in order to allow the project to proceed. However, plaintiffs found themselves no more able to meet their obligations under the modified contract than under the original agreement. Therefore, on March 27, 1975,

defendants notified plaintiffs that they were in default and subsequently initiated foreclosure proceedings.

On May 13, 1975, plaintiffs filed a complaint seeking a preliminary injunction prohibiting defendants from foreclosing the mortgage. A temporary restraining order was obtained pending a hearing on the preliminary injunction. Prior to trial, plaintiffs filed two amended complaints seeking substantial damages as well as injunctive relief. The defendants also filed a counterclaim for damages. The hearing on the preliminary injunction was consolidated with the hearing on the merits by agreement of the parties. Only the issue of liability was to be determined at that time, with the matter of damages to be reserved for a later date.

A judgment was entered on March 11, 1976, which vacated the temporary restraining order and denied plaintiffs' prayer for injunctive relief to prevent defendants from foreclosing the mortgage. The Superior Court retained jurisdiction of the action to determine the issue of damages and any other pertinent matters which might arise in connection with the proposed foreclosure sale. The plaintiffs filed a motion for an injunction pending appeal to this court which motion was denied. The property was subsequently sold by defendants.

The plaintiffs raise several complex issues on appeal. However, there is a substantial question as to whether this appeal is properly before us.

According to G.L. 1956 (1969 Reeenactment) §9-24-1, an appeal may be taken to this court only from a final judgment, decree, or order of the Superior Court. Further, a long-established rule of this court forbids the hearing of piecemeal or fragmented appeals. *See Maloney* v. *Daley,* 115 R.I. 375, 346 A.2d 120 (1975); *Sarni* v. *Meloccaro,* 110 R.I. 566, 294 A.2d 844 (1972); *McAuslan* v. *McAuslan,* 34 R.I. 462, 83 A. 837 (1912). We believe that the judgment of the Superior Court in the instant case, although certified as

final by the trial justice pursuant to Super. R. Civ. P. 54, is neither final nor does it fall within the narrow exceptions which permit appeal from interlocutory decrees.

The basic test of the finality of a judgment for purposes of appeal is that it should terminate all litigation arising out of the cause between the parties on the merits. Thus, if the judgment were affirmed, the court below should have only to execute the decree it had previously entered. *Ex Parte Norton*, 108 U.S. 237, 2 S. Ct. 490, 27 L. Ed. 709 (1883); *Sarni* v. *Meloccaro, supra; Ross* v. *Mencoff*, 82 R.I. 461, 111 A.2d 356 (1955); *McAuslan* v. *McAuslan, supra*. Clearly, not all of the rights and liabilities of the parties in the instant case have been adjudicated, as the Superior Court reserved jurisdiction to determine the damage issue. The Superior Court would have to undertake more than mere execution of its decree were we to affirm the denial of the injunction against foreclosure.

There are, however, certain circumstances in which an interlocutory decree may be considered final for purposes of appeal, particularly where injunctive relief is involved. According to §9-24-7, an appeal may be taken from an interlocutory order granting or continuing an injunction as though it were a final judgment. The instant case, however, does not fall within this statutory exception to the finality rule, as the injunction was neither granted nor continued, but denied.

We may also review an interlocutory order when it appears that prompt action is necessary to avoid imminent and irreparable injury. *Eidam* v. *Eidam*, 108 R.I. 673, 279 A.2d 413 (1971); *Montaquila* v. *Montaquila*, 85 R.I. 447, 133 A.2d 119 (1957); *McAuslan* v. *McAuslan, supra*. A decree ordering a sale on a mortgage foreclosure or denying an injunction to prohibit the sale might well be considered as falling within this category. Clearly, such judgments are often reviewable. *See* 4 C.J.S. *Appeal and Error* §135b(6)

(1957). Hence, the Superior Court justice probably certified the finality of his judgment in order to enable plaintiffs to obtain immediate review in light of the impending sale. However, an injunction pending appeal was denied by both the Superior Court and this court. Consequently, defendants succeeded in selling the property before the case was heard by this court. At this time, we are unable to perceive the imminence of irreparable harm to plaintiffs that would allow us to treat the interlocutory order as final and appealable. The sale has taken place; plaintiffs seek a determination that the trial justice was in error only to facilitate the assessment of damages in the Superior Court. We cannot accommodate plaintiffs in their attempt to achieve review of the issues on a piecemeal basis in the absence of compelling circumstances.

Therefore, since the Superior Court judgment neither falls within the general definition of finality nor within the applicable exceptions, we must dismiss the plaintiffs' appeal.

The plaintiffs' appeal is dismissed without prejudice, and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Letts, Quinn & Licht, Frank Licht, Richard A. Licht,* for plaintiffs.

*Tillinghast, Collins & Graham, Peter J. McGinn, Robert W. Edwards, Jr.,* for defendants.