## PARKER v. PARKER.

1. **Conveyance**: DELIVERY OF DEED: WHAT IS SUFFICIENT. A deed to property delivered to the husband of the grantee, with the intention on the part of the grantor that such delivery should pass the title, was held to divest him of the title and vest it in the grantee, although it was made without her knowledge and was not delivered to her by her husband, but came into her possession some months afterward.

| 56 | 111 |
| 87 | 104 |
| 56 | 111 |
| d92 | 153 |
| 56 | 111 |
| 111 | 252 |
| 56 | 111 |
| 118 | 553 |
| 56 | 111 |
| 138 | 195 |
| 56 | 111 |
| 141 | 461 |

*Appeal from Jones District Court.*

SATURDAY, APRIL 23.

THIS action is brought to set aside a deed from R. O. Peters to the defendant of a certain lot, and to quiet the title to said premises in the plaintiff. The court granted the plaintiff the relief prayed for. The defendant appeals. The material facts are stated in the opinion.

*E. Keeler*, for appellant.

*S. T. Pierce, R. M. Bush, J. S. Stacy* and *A. B. Oakley*, for appellee.

DAY, J.—The plaintiff and the defendant were husband and wife. The plaintiff owned the lot in controversy. On the 13th day of May, 1874, the plaintiff, his wife uniting in the deed, conveyed the lot in question to R. O. Peters, for the expressed consideration of $2,500. It is claimed by the plaintiff that the consideration for this conveyance was a patent right for a churn, and that it was agreed that if the patent or territory did not prove satisfactory, Peters was to reconvey the land. We feel satisfied, however, that the real purpose of the conveyance on the part of the plaintiff was to place the property beyond the reach of his creditors, he being indebted in the sum of about $10,000 at the time. This conveyance was filed for record June 20, 1874. The date of its delivery is not shown. Pursuant to the request of plaintiff R. O. Peters executed to the defendant a deed for the lot in question. This is signed June 1st, and acknowledged June 20, 1874, being the same day that the deed to Peters was filed for record. The deed from Peters to the defendant was delivered to the plaintiff and accepted by him. On the 13th day of September, 1876, the plaintiff procured R. O. Peters to quit claim the property in question to D. M. Hakes, representing to Peters that the former deed to the defendant had been lost or mislaid. At the time of accepting this conveyance Hakes knew of the former deed to the defendant. About the 1st of October, 1876, the defendant left the plaintiff, and she subsequently commenced an action against him for divorce, which was afterward granted. Before the divorce was granted, in November, 1876, the parties met at Dubuque and made some arrangments respecting alimony. The plaintiff gave the defendant his notes for $1,000 in settlement of her alimony. The plaintiff represented to the defendant that he had sold the property in controversy to Hakes for $2,000, and that Hakes had credited that amount on a debt secured by mortgage, which the plaintiff owed him. The plaintiff, to convince defendant that such sale and credit had been made exhibited a receipt from Hakes for that amount. The state-

Parker v. Parker.

ment was false, and the receipt had been procured from Hakes for the express purpose of deceiving the defendant. On the 17th day of February, 1877, Hakes and wife, without consideration, quit claimed said premises to the plaintiff. When the defendant left the plaintiff she found among the papers of the plaintiff the deed from R. O. Peters to her, took possession of it, and filed it for record October 23d, 1876. The plaintiff claims relief upon two grounds.

*First.* The plaintiff claims that the deed from R. O. Peters to the defendant was not delivered, and that it never took effect as a conveyance.

*Second.* The plaintiff claims that at the time of the agreement respecting alimony, the defendant, in consideration of the sum to be paid her, agreed to relinquish all claim to the property.

I. The conveyance to Peters being for the purpose of defrauding creditors, as against the plaintiff and his wife it

1. CONVEY-
ANCE: delivery of deed:
what is sufficient.

vested in Peters an absolute title to the property. At the request of the plaintiff Peters executed to the defendant a deed for the property. Peters delivered this deed to the plaintiff. It cannot be doubted from the evidence that Peters intended that this deed should take effect from the time of this delivery as a conveyance. He intended to surrender all control and dominion over the property. The delivery of the deed to the plaintiff with the intention that it should take effect as a conveyance, and the acceptance of the deed by the plaintiff, operated to divest Peters of his title to the property, and as the title must rest somewhere, and could vest in no one except the grantee named in the deed, it follows that the title vested in the defendant at the moment that it passed from Peters. This is certainly so since the conveyance was coupled with no condition and was beneficial to the grantee, and her acceptance of the grant is presumed. If the plaintiff had destroyed the deed after his acceptance of it, this would not have operated to revest the title in Peters. Peters having sur-

rendered the title, and the defendant being the grantee named in the deed, and entitled to its possession, the manner in which she became possessed of the deed does not affect her title. *Eckerman v. Eckerman*, 55 Pa. St., 269; *Cincinnati, Wilmington and Delaware Railroad Company v. Iliff*, 13 Ohio St., 235; *Henrichson v. Hodgen*, 67 Ill., 179; *Hatch v. Bates*, 54 Me., 136.

II. From a careful examination of the testimony we are unable to find that the defendant agreed to surrender her claim to this property at the time of the settlement in November, 1876. The plaintiff knew that the defendant had the deed in her possession at this time. No allusion was made to this property in the settlement. Although the plaintiff executed to the defendant his notes for one thousand dollars, yet the evidence shows that he has not paid any part of them. He is insolvent, so that if the defendant loses this property, she will get nothing. The equities in favor of the defendant are not less persuasive than those in favor of the plaintiff. Upon the evidence submitted we think the court erred in setting aside the defendant's title.                     REVERSED.