76 A.2d 71 (1950)
CIRILLO
v.
CIRILLO et al.
Equity No. 2022.
Supreme Court of Rhode Island.
October 23, 1950.
*72 Joseph Mainelli, Providence, for complainant.
Vincent P. Marcaccio, Jr., Providence, for respondents.
PER CURIAM.
After our opinion was filed in this cause the respondents requested and received permission to file a motion for reargument. Stich a motion was filed and in support thereof they argue that because of dissimilarity in. the facts the principle stated in Hudson v. White, 17 R.I. 519, 23 A. 57, was unduly extended in the circumstances of the instant cause; and further that the cases from other jurisdictions cited by us are in conflict with the Hudson case. We find no cause for reargument on either of those grounds.
The Hudson case clearly holds that if there be an intent to defraud a particular person or class of persons the sale or transfer of property would be voidable as to that: person or class of persons; but as to all others such fraud would be without injury to, them and could not be availed of by them as a defense. In other words, the principle of the Hudson case, which we also followed in Oldham v. Oldham, 58 R.I. 268, 277, 192 A. 758, is that the defense that a conveyance is in fraud of creditors is not open to one who is not a creditor directly or in a representative capacity. We made it clear in our opinion that when the instant proceedings were brought there were no creditors and that complainant's wife was not a creditor or the representative of a creditor. Yet she refused to carry out her part of an agreement, which was valid as between herself and her husband, and in effect set up as a defense for refusing to reconvey the property in accordance with such agreement the claim that the conveyance to her was in fraud of creditors. It is our judgment, in accordance with the principle adopted by this court in Hudson v. White, supra, that under the peculiar facts in this cause she is not entitled to the benefit of such defense.
The respondents' other claim, that the cases from other states cited in our opinion are not in accord therewith, is not new to us. In this respect they misinterpret the purpose of those citations which was to supply general information on a point as to which there is disagreement among the courts of the various jurisdictions. It was for that reason that we referred only generally and in a cautious manner to such cases rather than to cite them in direct support of our decision.
The respondents' motion is denied, and on October 30, 1950 the parties may present to this court a form of decree in accordance with the opinion to be entered in the superior court.