GLENN J. DIAL, Plaintiff and Appellant, *v.* ELLEN K.
DIAL, Defendant and Respondent.
No. 9334.
Submitted February 20, 1957. Decided April 25, 1957.
310 Pac. (2d) 610.

Messrs. Baldwin & Baldwin and Mr. Marshall D. Jellison, Kalispell, for appellant.

Messrs. Walchli, Korn & Warden, Kalispell, for respondent.

Mr. Jellison and Mr. Merritt N. Warden argued orally.

MR. CHIEF JUSTICE HARRISON:

The complaint in this action filed on December 1, 1952, alleges that the appellant and respondent were married on September 20, 1947, and divorced October 17, 1952; that respondent is the record owner of certain real property, the purchase of which was accomplished by money furnished chiefly by the appellant and partly by the respondent; that the respondent holds, and agreed to hold, such record title in trust for the common and joint uses and purposes of the parties; that respondent refuses to acknowledge appellant's equities. The complaint asks that the court impose a trust thereon for the benefit of the appellant, or that a severance be declared and adjudged in proportion to their several contributions, and that the appellant be declared the owner of his proper share thereof. It further alleges that the contract to purchase the property was entered into on June 3, 1948, the purchase was completed on August 20, 1948, and the title conveyed to the respondent on December 5, 1949. It further alleges that payments were made from the joint bank account of the parties. Another allegation is to the effect that in August of 1949 there appeared a likelihood that appellant's former and divorced wife might initiate a controversy over appellant's equity in the property and improvements, and in order to minimize the possibility thereof, it was agreed by and between the appellant and respondent herein that title to the property might be taken by the respondent in her own name, but that she would nonetheless observe and preserve the appellant's rights and equities thereto, and that she has since failed and refused to do so.

The complaint asked for an adjudication of appellant's proper interest, and if necessary for the partition and sale of the real property or the imposition of a trust thereon in favor of appel-

lant, and for an accounting of rental income received by respondent.

By her answer the respondent admits she is the owner of the property, denies that appellant had any interest therein, and alleges that any funds of the appellant which were used in connection with the property or its improvements were contributed by the appellant when he knew that the ownership of the property was in the respondent.

After a trial had before the court, it made findings to the effect that the parties on June 3, 1948, executed the contract to buy the property; the down payment of $380 was made by check of the appellant from his own funds, the balance paid by joint check.

The eighth finding of the court is hereinafter set out in full.

The court concluded as a matter of law that the respondent was the sole owner of the property, and judgment was entered accordingly.

The appellant appealed to this court upon the judgment roll, no bill of exceptions having been settled in the trial court.

The first specification of error is that the district court erred in concluding that a specific agreement of a trust character between the parties need be established to overcome the presumption that appellant's contributions to the property were a gift to the respondent. It is contended by the appellant that such a finding was made by the district court in its finding No. 8, which is as follows:

"Eighth: That the parties had originally intended to purchase the property jointly, and paid for it jointly, but that because of plaintiff's apprehension over difficulties that might originate through his former wife, the parties agreed in December, 1949, that the defendant herein would take title in her own name.

"There was no promise by defendant to subsequently convey the property to plaintiff or to hold it in trust for plaintiff or for the joint use of the parties. They were buying the property together. They were commingling their funds. Each trusted the

other. There was, as they saw it at the time, no necessity for any specific agreement. The plaintiff now remembers that defendant agreed to later transfer the property to their joint names—not to hold it in trust for their joint use as alleged. Defendant remembers that there was no agreement of that kind. The Court does not believe that either has any clear recollection of the conversations with regard to the matter. They were paying for it together, and the statutory presumption would require the finding that each took a half interest in the property. However, many past holdings in Montana hold that the non-statutory presumption prevails—that the contribution of plaintiff was a gift to defendant—and therefore this Court must and does find it was a gift to the defendant.''

We fail to follow the reasoning of the appellant in this particular. The court does not find that because no specific agreement of a trust character had been proven, the court had to find that the contribution made by plaintiff was a gift, as contended by appellant. Appellant had pleaded certain agreements to the title to the property and the court was finding the facts relevant to such allegations. In our view the court in this finding is stating that the proof has failed to overcome a presumption of a gift.

Appellant's second specification of error charges that the district court erred in denominating as a finding of fact that the contribution of appellant was a gift to respondent, and failing to draw the inference that a trust resulted.

Unless a presumption is controverted by other evidence, it is binding on the court. R.C.M. 1947, section 93-1301-5. Here the court found that no express trust existed, and in such event the presumption prevails.

The third, fourth and fifth specifications are to the effect that the findings are inconsistent and contradictory, that the court reached an erroneous conclusion, and the findings do not sustain its conclusion.

Our inquiry is restricted to determining whether the conclusions of law and decree are justified by the facts as

found by the court. As we stated in Brubaker v. D'Orazi, 120 Mont. 22, 29, 179 Pac. (2d) 538, 542:

"Appellant's specifications of error are principally directed at the trial court's findings, and its failure to make findings as proposed by appellant. Since the evidence is not before us, we are confronted at the outset with the general rule that, in the absence of a bill of exceptions, a trial court's findings of fact will be presumed to be supported by the evidence and the pleadings deemed amended to conform to the proof."

Much the same issue as involved here was recently before this court in Baird v. Baird, 125 Mont. 122, 232 Pac. (2d) 348. We there reviewed the various cases in this jurisdiction which have established the law in Montana, and no purpose would be served to repeat them here. Suffice it to say that the rule in this jurisdiction is still that a transfer of title to property from one spouse to the other is presumed to be a gift; and while such presumption that the transaction was a gift may be rebutted by competent evidence, such evidence must be clear, convincing and practically free from doubt.

Appellant contends this case is analogous to Walberg v. 

[5] son, 38 Wash. (2d) 808, 232 Pac. (2d) 827, 829. In that case it was not a transaction between husband and wife, but between a married man who was maintaining meretricious relations with a woman. That decision recognized the rule prevailing in this jurisdiction in these words:

"* * * in In re Cunningham's Estate, 19 Wash. (2d) 589, 143 Pac. (2d) 852, * * * it was said that a gift, rather than resulting trust, will be presumed when the person taking legal title is a natural object of the purchaser's bounty." The court further stated: "* * * the mere existence of the particular relationship gives rise to a presumption that gift rather than trust was intended by this presumption may be rebutted by evidence which is clear, cogent and convincing that no gift was intended."

The court found no clear, convincing and cogent evidence to overcome the presumption of gift.

Its finding on that issue must stand in the absence of a bill of exceptions showing the lack of evidence to sustain such finding.

The judgment of the trial court is affirmed.

MR. JUSTICES CASTLES and ADAIR, concur.

MR. JUSTICE BOTTOMLY:

I dissent.

The parties hereto were formerly husband and wife, and that was their status when they contracted to purchase the property here in dispute for the total price of $900.

The trial judge found that plaintiff, the then husband, paid down on the purchase price the sum of $380 out of his own funds, and that the balance of $520 was paid by defendant from the joint funds of plaintiff and defendant; that the parties originally intended to purchase the property jointly and they paid for it jointly; that because of plaintiff's apprehension over difficulties that might originate through plaintiff's former wife, the parties agreed in December 1949, that the defendant would take title in her own name.

This state of facts certainly negatives any idea that plaintiff was bestowing a gift of his interest in the property to defendant. We must presume the evidence supported the foregoing findings of fact. R.C.M. 1947, section 93-1301-3. Under such facts the statutory presumption prevails.

R.C.M. 1947, section 86-103, provides: "Where a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

The trial judge correctly found and stated: "They were paying for it together, and the statutory presumption would require the finding that each took a half-interest in the property." Under the facts and findings in this case, the foregoing is the proper finding. The findings of the facts herein are so entirely different from the facts in Baird v. Baird, 125 Mont. 122, 232

316

Pac. (2d) 348, that the same has no application herein. The same may be said of the other cases cited by respondent.

Defendant contends that plaintiff is not entitled to relief because he does not come into equity with clean hands.

The facts, as found by the trial judge, do not warrant the application of that doctrine, which becomes operative only when a complainant must depend on his own improper conduct to establish his rights against the other parties to the suit. Compare Parker v. Parker, 56 Iowa 111, 8 N.W. 806; Cirillo v. Cirillo, 77 R.I. 223, 74 A. (2d) 440, 76 A. (2d) 71; Hudson v. White, 17 R.I. 519, 23 A. 57. It is well-settled that only a creditor can set up such a claim. The transaction was valid as between the parties.

I would reverse the judgment and direct a judgment be entered declaring plaintiff owner of a one-half interest in the property and in all rentals collected by, or owing for, the occupancy of the property.

MR... JUSTICE ANGSTMAN:

I concur in the foregoing dissenting opinion of Mr. Justice Bottomly.