ROSENEAU FOODS INC., a Corporation, FILIP KURZ, EARL H. BEST and ARDIS L. BEST, Plaintiffs and Appellants, *v.* FLOYD E. COLEMAN, Defendant and Respondent.

No. 10350.

Submitted May 16, 1962. Decided August 15, 1962.
Rehearing denied August 31, 1962.
374 P.2d 87.

574

DeKalb, Dockery, Mondale & Johnson, Lewistown, Raymond E. Dockery, Jr., (argued orally), for appellants.

James C. Wilkins, Jr., Lewistown (argued orally), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment and decree of the district court of the tenth judicial district sitting without a jury. The action was brought by the plaintiffs, appellants here, for unlawful detainer of certain rental property used to conduct a meat business and for treble rent as damages. Judgment was for the defendant.

The plaintiffs generally will be referred to as the landlord. The defendant respondent as the tenant. Roseneau Foods, Inc., is the successor in title to the property from the Fergus County Creamery, Inc. Part of the Creamery's property involved here, was used for a creamery and part was used for a meat processing department.

On April 1, 1957, the tenant entered into possession of the last-mentioned property to conduct a meat processing and selling business. The tenancy was pursuant to an oral agreement alleged to be for three years with an option to continue for another two years. In August 1957 the tenant proposed a written lease which the landlord, through its president, William Dissly, refused to execute. The record indicates that the reason for this was that the landlord wished to sell the premises, and it was felt that a lease would hinder a sale. The tenant testified over objection that at the time the written lease was offered, William Dissly, since deceased, stated ''Floyd, three years would be too long for us to tie up the place, we might want to sell it, but you will always have a year—plenty of time to get out.'' The tenant continued in possession and was in possession when this action was commenced.

The record shows that rent was paid at the rate of $300 a month with no advanced payments made until April 1959.

From that time on payments were made as follows: April 1959, $900; June 1959, $900; September 1959, $900; January 1960, $900; March 1960, $900; April 1960, $900; May 1960, $300. The landlord's secretary-treasurer, who is also its accountant, testified that the afore-mentioned rental payments were accounted for on a monthly basis. The landlord's president, Howard Dissly, requested the payments in advance, and upon cross examination testified that at the time the rent payments were requested, there was no discussion concerning the tenancy, and no thought was given as to the date the rent was paid up to; it was just more money on the rent.

This action was commenced on November 7, 1960. Tenant was given a notice on September 28, 1960, to quit the premises by October 31, 1960. A three-days notice was given on November 1, 1960.

The tenant in his answer to the complaint filed a cross complaint in which he alleged that the bringing of the unlawful detainer action constituted a breach of an implied covenant of quiet enjoyment, and sought treble rent and attorney's fees as damages.

The trial court found, in part, that rent was paid on a monthly basis; that the business fluctuated seasonably each year; that there was no claim of default in the payment of rent; and that the tenant established a name, telephone listing, and accounting system for the business different from those previously used. The court then concluded that the tenancy created by the oral agreement between the plaintiff's predecessor in title and the defendant was a tenancy from year to year. It was decreed that the tenant was entitled to possession at the time the action was commenced, that plaintiffs take nothing by their complaint, and that the tenant recover costs and disbursements in the sum of $10.50.

The first question presented by appellants' specifications of error is whether the court erred in finding that rent was paid

on a monthly basis and then in concluding that the tenancy created by the oral agreement was a tenancy from year to year.

The propriety of the landlord's action depends upon the nature of tenancy. If the oral agreement or lease was valid, as will be discussed later, the tenant was entitled to possession until the proper termination thereof, i. e., to April 1961. However, if the lease was invalid under the statute of frauds, and the nature of the tenancy resulting therefrom would produce the same result, it is immaterial to determine whether or not the lease was invalid under the statute. The determining question then is what was the nature of defendant's tenancy at the time the action was brought and not whether or not the lease was invalid under the statute of frauds. For the purpose of this point in our decision we will assume that the lease was invalid under the statute of frauds.

 It has been stated by this court that entry under an invalid oral lease creates a tenancy at will. Centennial Brewing Co. v. Rouleau, 49 Mont. 490, 143 P. 969. However, this may not be true in every case. Entry by a tenant under an invalid oral lease may create a tenancy from year to year, month to month, or a tenancy at will depending upon the circumstances. 3 Thompson, Real Property, § 1021 (4th ed. 1959).

R.C.M.1947, § 42-203, provides: "A hiring of real property, other than lodgings and dwelling houses, in places where there is no usage on the subject, is presumed to be for one year from its commencement, unless otherwise expressed in the hiring."

 The property in question was not a lodging or dwelling house. There was no testimony of any usage on the subject. Therefore, when the tenant entered on April 1, 1957, his hiring of the property was presumed to be for one year from its commencement. The statute contains nothing about a need for an expression in writing. Thus, under this section it would be possible to have an oral lease for at least one year without an expression as to time therein. This would be consistent with our statute of frauds, R.C.M.1947, § 13-606, which voids an

oral agreement for the leasing of realty of a period longer than one year.

Likewise, under our statute of frauds an oral lease for more than a year would be invalid, and evidence of the agreement and secondary evidence of its contents could not be introduced. R.C.M.1947, §§ 13-606 and 93-1401-7. The result then in the present case under section 42-203, supra, absent other circumstances, would be a tenancy for a year because there would be no expression of time to rely upon in an invalid oral lease.

Notice that section 42-203 provides that the hiring is *presumed* to be for one year. This presumption is not listed as a conclusive presumption in section 93-1301-6 so it is therefore rebuttable. R.C.M.1947, § 93-1301-5. If the presumption is not controverted, the facts must be found according to the presumption, or, if it is controverted, the presumption must be given weight as evidence. Lewis v. New York Life Ins. Co., 113 Mont. 151, 124 P.2d 579; Dial v. Dial, 131 Mont. 310, 310 P.2d 610.

The trial court concluded that the tenancy was from year to year, and we will not now overturn that conclusion. The facts show that the meat business of the tenant had seasonal variations so that it would take a year to balance out the ups and downs. Both the landlord and the tenant were aware of this. The very nature of the business and the way that the parties carried on their relationship indicates that the tenancy was not regarded as strictly from month to month. The only indication of a month to month letting was the fact that a greater part of the time the rent was paid monthly. Considering all of the circumstances we do not think that the fact rent was paid on a monthly basis is the controlling factor. Payment of a monthly rental does not compel the conclusion that a tenancy is from month to month where other facts indicate to the contrary. Giovanetti v. Schab, 41 Mont. 297, 109 P. 141; Aaker

v. Smith, 87 Cal.App.2d 36, 196 P.2d 150, construing Cal.Civ. Code, § 1943, which was then identical to R.C.M.1947, § 42-203.

The finding of the trial court that the rental rate was established on a monthly basis was not inconsistent with the court's conclusion that the tenancy was from year to year. Moreover the acts of the landlord, in requesting and taking payments of future rent without agreement as to their nature, were inconsistent with circumstances which would indicate a tenancy from month to month. Accordingly, the fact that rent was paid on a monthly basis does not control. The presumption created by section 42-203 plus the reasonable inferences from the facts support the conclusion that the tenancy was for one year.

R.C.M.1947, § 42-205, reads: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts a rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month, when the rent is payable monthly, nor in any case one year."

■ As pointed out, section 42-203 as applied here created a tenancy for one year. Section 42-205 applied with section 42-203 created a presumption that the tenancy was renewed on a year to year basis. While it is true that section 42-205 presumes a renewal on the basis of a monthly rental period, it is also clear that the section provides that the implied renewal period may be presumed to be for a year, but not in excess of that period. Sections 42-203 and 42-205 applied to the facts in the instant case support the conclusion that the tenancy was initially for a year with implied renewals for one year resulting in a tenancy from year to year.

■ Further, it may be pointed out that the first three years of the tenant's occupancy have been fully executed. As to those periods already executed, our statute of frauds has no application. Wells v. Waddell, 59 Mont. 436, 196 P. 1000; Besse v. McHenry, 89 Mont. 520, 300 P. 199.

■ As already pointed out a one year oral lease is not

within the statute, and a continuous renewal thereof under section 42-205 would also not be within the statute. If the entire agreement must be considered as a unit, the more than three years part performance would take the case out of the statute. Under any theory the statute has no application.

This brings us to the question of whether the landlord's action and the giving of notices precedent thereto were proper. From the foregoing it can be seen that the tenancy was from year to year and the tenant was, therefore, in lawful possession when plaintiffs served their notices to quit. The tenancy could not possibly have been terminated under the circumstances before April 1, 1961. A notice to quit pursuant to section 42-206 was not given thirty days prior to April 1, 1960. The tenancy was then deemed to be renewed for another year.. R.C.M.1947, § 42-206. An action in unlawful detainer cannot be maintained under section 93-9703 if the tenant is lawfully in possession under a tenancy from year to year without first giving notice thirty days prior to the anniversary date of the tenancy.

Respondent tenant contends that he may recover treble rent as damages by way of cross-complaint for breach of an implied covenant of quiet enjoyment. We do not hold that such a covenant exists in this case. Assuming that one did exist, the tenant cannot recover under his theory. A suit brought by a landlord to obtain possession of the premises does not constitute a breach of a covenant of quiet enjoyment unless the suit was instituted maliciously and without probable cause. Agar v. Winslow, 123 Cal. 587, 56 P. 422; Black v. Knight, 176 Cal. 722, 169 P. 382, L.R.A.1918C, 319. This contention merits no further comment.

Respondent also contends that attorney's fees should have been entered against the landlord as damages. Respondent cites no authority in support of his claim, nor can this court find any. On the contrary, the general rule is that attorney's fees are not recoverable by a successful litigant either in law

or equity except when they are expressly provided for by contract or statute. See State Highway Comm'n v. Heltborg, 140 Mont. 196, 369 P.2d 521.

R.C.M.1947, § 93-8616, provides for allowable costs. Under that section the list of items is exclusive except as to cases taken out of its operation by special statute, by stipulation of the parties, or by rule of court. McBride v. School Dist. No. 2, 88 Mont. 110, 290 P. 252.

No special statute applies here and the parties did not stipulate or contract as to payment of attorney's fees. Attorney's fees are not recoverable here either as damages or as costs.

We have examined appellants' other specifications of error and find that they do not merit consideration in view of what has already been stated in this opinion.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and DOYLE concur.