321 A.2d 96.

JAMES H. BORLAND *et al. vs.* CHARLES E. DUNN *et al.*

JUNE 19, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

CERTIORARI petition relative to order of Superior Court justice denying motion of petitioner for discovery, petition granted, order below quashed, and papers are ordered returned to the Superior Court with decision endorsed thereon.

DORIS, J. This is a petition for a writ of certiorari which seeks to review and quash an order of a Superior Court justice denying a motion brought by the petitioners, the plaintiffs in a civil action, for discovery brought pursuant to Super. R. Civ. P. 34(a). We issued the writ, subject to respondents' renewing their objections to its issuance at the hearing on the merits. Pursuant to the writ, the pertinent records were duly certified to this court for our examination.

It appears from the record that petitioners and respondents are respective owners of adjoining parcels of land located in the town of Glocester. On May 24, 1967, petitioners commenced a civil action in the Superior Court against respondents, seeking both damages and equitable relief. The complaint alleged that an artesian well on the property of petitioners had become polluted by reasons of

the operation of cesspools and leeching fields on the land of respondents.

The petitioners filed a motion for discovery under Rule 34(a) whereby they sought permission to enter upon the premises of respondents to inspect the operation of a cesspool thereon by placing in it a quantity of a certain vegetable dye to determine whether said dye thereafter appears in petitioners' water supply. The respondents filed a written objection to petitioners' motion and after hearing, petitioners' motion was denied by a Superior Court justice.

Before determining the correctness of the denial of petitioners' motion by the Superior Court justice we must determine the validity of respondents' objection that certiorari should be denied in accordance with the well-established principle that this court will not afford a litigant a piecemeal review of his case. *Sarni* v. *Meloccaro*, 110 R. I. 566, 294 A.2d 844 (1972); *Apollonio* v. *Kenyon*, 101 R. I. 598, 225 A.2d 789 (1967); *Industrial National Bank* v. *Colt*, 101 R. I. 488, 224 A.2d 900 (1966).

The petitioners, while conceding the general rule as stated by respondents, point out that this court on numerous occasions has exercised its discretion and has granted certiorari when the circumstances are unusual or in order to prevent undue hardship or to prevent irreparable harm or injury. *Conn* v. *ITT Aetna Finance Co.*, 105 R. I. 397, 252 A.2d 184 (1969); *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140 (1964).

The petitioners argue that a denial of their motion will result in preventing discovery of relevant evidence relating to the causation of the pollution complained of and urge that this is a justification for the granting of certiorari by this court. The petitioners also point out that there has been no judicial interpretation of Rule 34(a) since the 1969 amendment thereof, and that fact, together with their contention that the decision of the Superior Court justice

is so erroneous as a matter of law, constitutes sufficient circumstances to warrant this court to invoke its power to grant certiorari. We agree with petitioners.

This, in our judgment, is a proper case in which we should exercise our discretion to issue the writ because of the unusual circumstances involved. We consequently consider petitioners' case properly here on certiorari.

We proceed to consider petitioners' contention that the Superior Court justice erred in denying their motion for discovery. The petitioners point out that Super. R. Civ. P. 34(a)(2), which is the same as Fed. R. Civ. P. 34(a)(2), permits a party, subject to the provisions of Super. R. Civ. P. 30(b), to serve a request on another party:

"(2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."

They further point out that Rule 26(b) defines the scope of discovery under Rule 34(a)(2) as including:

"* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The petitioners contend that there is no requirement that the inquiring party show "good cause" as was necessary before the 1969 amendment, but that the sole test now is relevancy to the subject matter. See 1 Kent, *R. I. Civ. Prac.* §34.3 (1969); 8 Wright & Miller, *Federal Practice & Procedure* §2206 at 607.

The petitioners argue that it is clear that the discovery requested relates to a matter, not privileged, which is relevant to the subject matter involved in the pending action

and that, this being the sole test under the rule, there was no legal basis for a denial of the motion by the Superior Court justice. The respondents, while conceding that under Rule 34(a)(2) a party may enter upon the premises of another party for purposes of making an inspection, measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereof, argue that the rule does not contemplate the right of a party to enter upon the premises of another for the purpose of conducting an experiment which he has not demonstrated to be reliable or conclusive in any respect. They appear, therefore, to rest their argument on their interpretation that petitioners' request is for the purpose of conducting an experiment and is therefore not within the rule.

The court is bound under the new rules to give the concept of relevancy, as it applies to discovery purposes, a liberal application and the test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the precise issues presented by the pleadings, hence it is broader than the rule governing relevancy of evidence adduced at a trial. *DeCarvalho* v. *Gonsalves,* 106 R. I. 620, 262 A.2d 630 (1970); *Independent Productions Corp.* v. *Loew's, Inc.,* 30 F.R.D. 377 (S.D. N.Y. 1962).

We do not interpret the request of petitioners as one for the purpose of conducting an experiment as argued by respondents, but construe the request as one for the purpose of testing and thus as clearly within the contemplation of the rule.

We construe Rule 34, as amended, to require as a condition for the granting of a motion for discovery the showing that the information sought had some relevance and materiality to the issue to which the motion was addressed. Since the requested discovery is within the scope of Rule 26(b), and since there is no claim of privilege by the re-

spondents, the denial of their motion by the Superior Court justice was clearly arbitrary and constituted an abuse of discretion by the Superior Court justice.

The petition for certiorari is granted, the Superior Court order denying the motion for discovery is quashed, and the papers are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Chief Justice Roberts did not participate.

## Appendix

"Rule 34.  Production of Documents and Things and Entry Upon Land for Inspection for Other Purposes

(a) Scope. Subject to the provisions of Rule 30(b), any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and any other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible thing which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

"(b) Procedure. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

"The party upon whom the request is served shall be obligated to comply therewith unless within 20 days after service thereof, or within such shorter or longer time as the court may allow, he serves upon the requesting party an objection to the request, specifying the portion of the request objected to and the grounds of objection. Portions of the request not objected to shall be complied with. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to the request or other failure to permit inspection as requested. (As amended, effective March 10, 1969)."

*Edwards & Angell, John H. Blish,* for petitioners.

*Macktaz, Keefer and Kirby, Scott K. Keefer,* for respondents.