On appellant-cross-respondent's reconsideration filed January 20,
reconsideration granted, former opinion adhered to
(49 Or App 863) March 16, reconsideration denied April 16,
petition for review denied June 16, 1981 (291 Or 117)

# D. M. DEVELOPMENT COMPANY,
*Respondent-Cross-Appellant,*

*v.*

# OSBURN et al,
*Appellants-Cross-Respondents.*

## (No. A7712-17290, CA 14411)

625 P2d 157

Michael E. Kohlhoff, and Kohlhoff & Moen, Wilsonville, for petition.

Michael S. Fryar, Gresham, contra.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendants have filed a petition for review in this case charging several factual misstatements. We have reexamined each of the claimed misstatements. Without detailing them, we conclude that defendant's objections are without any real substance. When the smoke is cleared away we are still left with an equal split in the evidence and testimony as to whether a settlement ever occurred.

Defendant raises one point that merits discussion, and that is the contention that we erred in remanding the case to circuit court for trial of plaintiff's claim for breach of the covenant of quiet enjoyment because plaintiff failed to allege facts sufficient to constitute a cause of action. The allegation of plaintiff's complaint in question reads:

"Defendants have harassed, annoyed and interfered with plaintiff in the conduct of its lumber business on the leased premises by asserting groundless claims against plaintiff and by the filing of groundless and vexatious litigation to evict plaintiff * * *."

Defendant's sole argument on this point is that the filing of the FED action in the spring of 1975 did not amount to a breach of the covenant of quiet enjoyment.

The general rule is that the mere commencement of an action to evict does not constitute a breach of that covenant, Restatement (Second), Property, §4.3 (d) (1977); Annotation, 41 ALR2d 1414, 1433 (1955), at least in the absence of some showing that the lawsuit was groundless and maliciously brought. *See Roseneau Foods, Inc., v. Coleman,* 140 Mont 572, 374 P2d 87 (1962). Such a rule is in keeping with Oregon policy to permit access to the courts without fear of penalty should the claim be found deficient. *Carnation Lbr. Co. v. McKenney et al,* 224 Or 541, 547, 356 P2d 932 (1960). The record in this case shows that defendants filed one FED action in 1975 which was dismissed after the parties thought they had settled the dispute. A second FED action was filed after the filing of the complaint in this case. Although defendants failed to prevail on their interpretation of the meaning of "pro rata" in the lease, we held that the term was ambiguous. Therefore, the FED action brought in the course of that dispute was not "groundless" and will not support recovery for a breach of the covenant of quiet enjoyment.

We also held that plaintiff was entitled on remand to present evidence on its cause of action for breach of the covenant of quiet enjoyment because it had been misled into failing to present such evidence at trial. It may be that other litigation to evict plaintiff was brought by defendants, although the record fails to disclose such a fact as we would expect it might, given the mention by plaintiff's president of the second FED action filed after the complaint. In any event, plaintiff will have an opportunity to establish that fact because we conclude that the case was properly remanded.

Defendants do not address the second aspect of plaintiff's allegation—that that the defendants asserted groundless claims which interfered with the conduct of plaintiff's lumber business. Generally, a claim for breach of quiet enjoyment is predicated on the actual or constructive eviction[1] of the tenant evidenced by abandonment of the premises. 49 Am Jur2d, Landlord and Tenant §333, at 347 (1970). Some courts require actual dispossession before a quiet enjoyment action will lie. Annotation, 41 ALR2d 1414, 1424 (1955). More recent authorities take the view, however, that a tenant may elect to remain in possession and sue for damages. In *Guntert v. City of Stockton,* 55 Cal App 3d 131, 126 Cal Rptr 690, 127 Cal Rptr 602 (1976), the court held a tenant entitled to recover where it was shown that the city arbitrarily gave the tenant, a manufacturer of barges, a notice to quit pursuant to a lease clause which permitted termination if the city obtained a bona fide offer to develop the site upon which plaintiff's operation was located. Plaintiff was able to show that the termination notice caused uncertainty about prospects of retaining the leasehold, which prevented plaintiff from bidding on certain contracts and resulted in substantial loss of profits.

---

[1] In *Perrigo et al. v. Boehm et al.,* 194 Or 507, 242 P2d 791 (1952), the court held a sublessee was constructively evicted when he was unable to obtain a loan to pay off the sublessor because the lease erroneously included in its description property not owned by the lessor and essential to plaintiff's business. In *Maki et ux v. Nikula et al,* 234 Or 180, 355 P2d 770 (1960), the court found constructive eviction where the landlord built a wall across an alley behind the leased premises which prevented plaintiff from using the alley as an access, but held that the lessee could not recover because he had waited too long in quitting the premises after the disruption occurred.

██    Without a record on the matter, we have no way of knowing what "groundless claims" plaintiff refers to in its complaint or how assertion of such claims has disrupted plaintiff's business. It is clear from the record, however, that plaintiff has remained in possession of the property since the inception of the lease. Absent Oregon authority requiring eviction, actual or constructive, as a pre-requisite to the right to sue for breach of quiet enjoyment, we hesitate to hold, as a matter of law, that plaintiff could prove no facts under its allegation which would demonstrate a substantial interference with the peaceful enjoyment of plaintiff's leasehold. It is clear that the disruption plaintiff complains of must amount to more than emotional distress of plaintiff's officers and employes.[2] *Brewer v. Erwin,* 287 Or 435, 448-49, 600 P2d 398 (1979).

Reconsideration allowed; former opinion adhered to.

---

[2] There is some suggestion in the record that plaintiff's efforts to settle the FED action were occasioned by its attempt to ease the strain on the president of its lumber operation, who was having heart problems.