DECISION
Former defendants, Mr. John Barba and Mr. Ward Parker, under R.C.P. 30, seek protective orders barring defendants George A. Calcagni, Jr., and Rover Investments, Inc., from inquiring into or otherwise seeking discovery concerning a settlement reached among Barba, Parker, and plaintiff, National Grange Insurance Company.
The pertinent facts in the case are as follows. Plaintiff, a New Hampshire surety company licensed to do business in this state, issued various performance and payment bonds on behalf of defendant George A. Calcagni, Sr., who was president of defendant Alfred Calcagni Sons, Inc. (Calcagni, Inc.) and Calson Corporation, and sole shareholder of Commercial Constructors, Inc. Indemnification agreements were executed by defendants Calcagni Sr., Maria L. Calcagni, Calcagni, Inc., Calson, and Commercial, indemnifying plaintiff for any sums paid out in connection with the issuance of the bonds. In December of 1992, Calcagni, Inc., informed plaintiff that it was experiencing financial problems in connection with all of the projects bonded by plaintiff. Plaintiff alleges that as a consequence of defendants' defaults under the bonds, it has paid out a total in excess of $1,200,000.
Although the numbers in the pleadings are conflicting, it seems that at the time Calcagni, Inc., notified plaintiff of its financial difficulties, Calcagni, Sr., owned 50 of the 72 shares of outstanding stock of Crystal Restaurant Management Corp., Inc.(Crystal). Mr. Parker and Mr. Barba each owned half of the remaining 22 shares. In March of 1993, Calcagni, Sr., sold 13 shares each to Parker and Barba, which resulted in all three individuals owning 24 shares. In October of 1993 plaintiff filed the instant indemnification claim. On December 2, 1993, Calcagni, Sr., pledged his Crystal shares to Old Stone Bank as additional collateral for an antecedent debt. On January 12, 1994, Calcagni, Sr., arranged for the sale of the Crystal shares to Rover Investments, Inc. (Rover), a corporation created by George A. Calcagni, Jr. Plaintiff alleges that it received no notice of these transactions. Plaintiff amended its complaint in May of 1995, alleging that the stock transfers to Barba and Parker in March of 1993 and to Rover in January of 1994 were fraudulent conveyances and seeking that they be set aside. Plaintiff negotiated a settlement with Barba and Parker and dismissed its claim against them with prejudice. Defendant Rover filed a motion seeking to vacate the dismissal. In support of its motion Rover argued that in a fraudulent conveyance action all defendants must consent to any dismissal, and the dismissal must be fully disclosed, considered by the Court, and approved, to be valid. Argument was heard on August 23, 1995, and the motion was denied.
On August 24, 1995, Rover served a subpoena duces tecum upon both Barba and Parker, demanding that they appear at a deposition and bring "Any documents, agreement and/or releases relative to National Grange Mutual Insurance Company's dismissal of its cause of action against you. . . ." Both Barba and Parker filed the above-mentioned motion for a protective order. Arguments were heard on October 5, 1995.
DISCUSSION
Rule 26(b)(1) of the Superior Court Rules of Civil Procedure discusses the scope of examination of a deposition. It provides, in pertinent part, that
 [u]nless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party. . . .
In support of their motions, Barba and Parker argue that the settlement between them and plaintiff is "a separate, distinct, non-related matter having nothing whatsoever to do with National Grange's claim against Rover." Barba and Parker note that the two claims are "separated in time" by nine months and also note that there was no cross-claim filed by either Rover or Calcagni, Jr.. Barba and Parker also note that there are several other lawsuits pending between the various parties in this suit. Furthermore, they contend that the real basis for Rover's action is that it wants the settlement information in connection with those other lawsuits. Finally, Barba and Parker argue that this Court has already been presented with Rover's argument that the dismissal terms be disclosed, and therefore the "law of the case" doctrine should apply.
Defendants Rover and Calcagni, Jr., object to Barba and Parkers' motions, arguing that the information sought is relevant to this case for three reasons. First, they argue that the settlement is related to equitable defenses that they may raise against the plaintiff. Second, they argue that through discovery of the deal struck with Barba and Parker, there may be some ground to argue what Rover paid for the stock was indeed "fair market value." Finally, they argue that the settlement may indicate bias on behalf of the plaintiff.
It is well settled that the concept of relevancy, as it applies to discovery purposes, is given a "liberal application."Borland v Dunn 321 A.2d 96, 99, 113 R.I. 337, 341 (1974). In the instant matter, this Court finds that the information sought is relevant. Plaintiff seeks to set aside the 1994 transfer to Rover on the basis that it was a fraudulent transfer under G.L. 1956 (1992 Reenactment) § 6-16-1 et seq. Section 6-16-7(a) provides, in pertinent part, "In an action for relief against a transfer or obligation under this chapter, a creditor. . . may obtain: (1) Avoidance of the transfer to the extent necessary to satisfy the creditor's claim;. . . ." In the event that plaintiff's settlement with Barba and Parker was of a sufficient amount to extinguish its claim against Calcagni, Sr., it would cease to be a creditor as defined by § 6-16-1(d), which would result in it lacking the standing to attack the 1994 transfer to Rover. "It is settled that only a creditor can set up the claim that a conveyance was in fraud of creditors." Cirillo v Cirillo74 A.2d 440, 441, 77 R.I. 223, 226 (1950). This Court is mindful that it is highly unlikely that plaintiff's settlement with Barba and Parker resulted in full recovery of the substantial amount allegedly owed to it by Calcagni, Sr. However, this unlikelihood doesn't change the relevance of the settlement with respect to the parties remaining in the case.
Additionally, Barba and Parkers' reliance on the "law of the case" doctrine is also misguided. The doctrine of law of the case is designed to promote the stability of decisions of judges in that "Where a pure question of law is involved, ordinarily the second justice should not, if the same question is presented to him in the same manner, review the action of the first justice."Payne v Superior Court 80 A.2d 159, 163,78 R.I. 177, 184 (1951). The issue decided on August 23, 1995, was whether Barba and Parkers' dismissals were proper under Rule 41, not whether the terms of the settlement should be disclosed. Rover did previously argue, inter alia, that the terms of the settlement should be disclosed when it asked this Court to vacate Barba and Parkers' dismissal. However, even if one of the reasons the motion to vacate was denied was because the previous justice believed disclosure wasn't warranted, that would not preclude the Court from requiring disclosure at this time. As noted in Payne, a second justice ". . . is not bound to follow the reasons given by the first justice for his decision if the question again arises in a different manner during the trial." Id. at 163.
For the above reasons, the motions of Mr. Barba and Mr. Parker are hereby denied.
Counsel shall submit the appropriate order for entry.