DECISION
This matter is before the Court on the motion of non-party Vikas Mehrotra ("Mehrotra") to quash a subpoena for documents and testimony that D.B. Zwirn Special Opportunities Fund, L.P. ("Zwirn") has caused to be issued.
 Facts and Travel
In the underlying civil action filed in the Supreme Court of New York, Zwirn claims that Defendants Greg L. Rhodes ("Rhodes") and Ashish Paul ("Paul") defrauded Zwirn in the amount of $7,523,711.25. Defendants allegedly entered into a scheme to obtain financing from Zwirn to obtain a loan to purchase certain business equipment and provide Zwirn with a master lease of such equipment. Unfortunately for Zwirn, this equipment did not actually exist and the entire transaction turned out to be a sham: once Zwirn extended a loan to Defendants — by way of a wire transfer of the funds to a company controlled by both Defendants — Defendants allegedly converted the funds for their own purposes.
Zwirn alleges that the funds were then broken up and transferred to several other companies. According to Zwirn, the Defendants were essentially attempting to launder the *Page 2 
money. Zwirn contends that a portion of the stolen funds was transferred into accounts at Venus Capital Management, Inc. ("VCM") or other affiliated entities that are managed by VCM. Mehrotra, who lives in Smithfield, Rhode Island, is the founder and Chief Executive Officer of VCM.
Zwirn seeks to depose Mehrotra to gather information on the allegedly fraudulent transactions, to identify additional parties that may have been involved in Defendants' fraudulent scheme and to learn about the disposition of its funds. To that end, Zwirn obtained an Order from the Supreme Court of New York issuing an Open Commission to take Mehrotra's deposition. This Court accepted the New York Order and issued a subpoena commanding Mehrotra to appear for a deposition and to produce certain documents. Mehrotra now moves to quash the subpoena.
 Analysis
The parties initially disagree on whether New York or Rhode Island law is controlling. In New York, it is "well settled that a motion to quash a subpoena duces tecum should be granted only where the materials sought are utterly irrelevant to any proper inquiry." Velez v. Hunts PointMulti-Serv. Center, Inc., 29 A.D.3d 104, 108 (N.Y.App. Div. 1st Dep't 2006). In Rhode Island, discovery is permitted as to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Super. Ct. Rule 26(b)(1). Our Supreme Court has held that Rule 26 is to be given "a liberal application and the test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the precise issues presented by the pleadings. . . ." Borland v.Dunn, 113 R.I. 337, 341, 321 A.2d 96, 99 (1974). Given the liberal nature and the broad scope of discovery permitted in each state, this Court finds that the same result would obtain here whether the Court applies the law of New York or the law *Page 3 
of Rhode Island. Thus, it is unnecessary for the Court to decide which state's law governs Mehrotra's motion to quash.
Here, Zwirn alleges in the underlying case that it was defrauded by the Defendants in the amount of $7,523,711.25. Zwirn also alleges that Defendants attempted to launder a portion of those funds by transferring them into accounts controlled by Mehrotra through VCM. While Mehrotra has submitted an affidavit indicating that he had no knowledge of the fraud perpetrated by the Defendants, Zwirn seeks to discover information regarding the final disposition of the funds that were transferred to VCM and its affiliates and the extent of their involvement and the involvement of others in the disposition of the funds. The Court finds, therefore, that any knowledge possessed by Mehrotra — such as his connection to the Defendants, if any, and whether there were further transfers and to whom — is clearly relevant to the subject matter of the proceedings.
Mehrotra argues, however, that any information that Zwirn could gain through taking his deposition is irrelevant to this matter because Defendants have already admitted to defrauding Zwirn in a prior criminal case and are thereby precluded from denying their liability in this civil action. See U.S.C. § 3664(l) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim."). Specifically, Defendant Rhodes has pleaded guilty to one count of conspiracy to commit wire fraud and been ordered to pay restitution to Zwirn in the amount of $7,523,711.25. Defendant Paul has pleaded guilty to conspiracy to commit money laundering and is to be ordered to pay restitution at a future hearing. It has been represented to this Court that Zwirn's counsel has requested a restitution *Page 4 
order in the amount of $7,523,711.25. According to Mehrotra, Federal law essentially deprives the Defendants of any defense to this case and it would follow that Mehrotra cannot possibly provide any relevant information because the underlying issues have been decided already.
This Court is unable to accept Mehrotra's interpretation of U.S.C. § 3664(l) as applied to the facts of this case. Mehrotra's reading of the statute would prevent Zwirn from obtaining information that would otherwise be discoverable but for the Defendants' convictions and orders to pay restitution. If Zwirn could have obtained this discovery before the Defendants' convictions, then Zwirn should be able to obtain it afterwards. This Court is troubled by Mehrotra's position because it has the practical effect of ending Zwirn's civil suit and potentially precluding Zwirn from discovering whether there are additional parties to the Defendants' fraud from which it could seek recovery in a civil action.
Moreover, U.S.C. § 3664(l) is clearly intended to benefit victims of fraud — such as Zwirn — by making it unnecessary for them to prove liability in a civil trial after criminal proceedings have resulted in a conviction and the issuance of a restitution order. The statute was not intended to prevent a civil plaintiff from deposing an individual who may have knowledge about the fraudulent transactions in question, thereby frustrating the good faith efforts of the plaintiff — the very party protected by the statute — to learn about the disposition of the money and the identity of potential additional tortfeasors. This Court is not convinced, therefore, that U.S.C. § 3664(l) may be used as a shield by Mehrotra to prevent Zwirn from deposing him when the deposition seeks information that is clearly relevant to the underlying civil case.
Finally, the Court finds that — contrary to his assertions — Mehrotra's compliance with the subpoena is not unduly burdensome. Mehrotra is a resident of Smithfield, Rhode Island, and the subpoena indicates that his deposition will be taken in Providence, Rhode Island. Mehrotra has *Page 5 
not shown that this in-state deposition would work an undue burden upon him. Furthermore, if Mehrotra's affidavit is accepted at face value, it appears that the deposition will not be unduly lengthy because Mehrotra was not personally aware of the Defendants' fraudulent scheme. The deposition then would be limited to Mehrotra's knowledge of further transfers of the funds. Allowing Zwirn to test Mehrotra's affidavit and requiring Mehrotra to provide such clearly relevant information does not impose upon him an undue burden.
Mehrotra further argues that compliance with the subpoena is unduly burdensome because he anticipates being deposed in the future in relation to other unnamed cases. Whether Mehrotra will be required to testify at other depositions as a result of other litigation is purely speculative. The Court is hard-pressed to understand how a possible future deposition — which may never occur — could render compliance with the subpoena already sanctioned by the Court in New York and issued by this Court unduly burdensome. This Court thus finds that compliance with the subpoena is not unduly burdensome.
 Conclusion
For all of these reasons, this Court finds that the information sought by Zwirn is clearly relevant to the subject matter of the instant litigation. This Court further finds that Mehrotra may *Page 6 
not rely on U.S.C. § 3664(l) to prevent Zwirn from discovering this relevant information. In addition, compliance with the subpoena does not constitute an undue burden upon Mehrotra. Accordingly, Mehrotra's motion to quash is denied.
Counsel shall confer and submit to this Court forthwith for entry an agreed upon form of order that is consistent with this Decision. *Page 1